1  Nicky Jatana, SBN: 197682
2  JatanaN@jacksonlewis.com
   Caroline B. Wolf, SBN: 268014
3  Caroline.Wolf@jacksonlewis.com
4  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
5  Los Angeles, CA  90017
6  (213) 689-0404 – Telephone
   (213) 689-0430 – Facsimile
7
8  Josef S. Glynias [*Pro Hac Vice* application forthcoming]
   Joe.Glynias@huschblackwell.com
9  Andrew J. Weissler [*Pro Hac Vice* application forthcoming]
   AJ.Weissler@huschblackwell.com
10 HUSCH BLACKWELL LLP
11 190 Carondelet Plaza, Suite 600
   St. Louis, MO  63105
12 (314) 480-1500 – Telephone
13 (314) 480-1505 – Facsimile
14
   Emma L. Savory [*Pro Hac Vice* application forthcoming]
15 Emma.Savory@huschblackwell.com
16 HUSCH BLACKWELL LLP
   1700 Lincoln Street, Suite 4700
17 Denver, CO  80203
18 (303) 749-7200 – Telephone
   (303) 749-7272 – Facsimile
19
20 Attorneys for Defendants
   ConAgra Foods, Inc., and
21 Ralcorp Holdings, Inc.

22

### UNITED STATES DISTRICT COURT FOR THE

23

### CENTRAL DISTRICT OF CALIFORNIA

24

### WESTERN DIVISION

25

| | |
|---|---|
| 26  MOISES NEGRETE, individually and on behalf of all others similarly situated, | Case No.:  2:16-cv-631 |

27

28

1

NOTICE OF REMOVAL

DEN 84260

| | |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332, 1441 AND 1446** |
| v. | |
| CONAGRA FOODS, INC., a Delaware corporation; RALCORP HOLDINGS, INC., a Missouri corporation; RALSTON FOODS, INC., A Nevada corporation; BLOOMFIELD BAKERS, LLC, a California limited liability company; LOVIN OVEN, LLC, a California limited liability company; and DOES 1 through 50, inclusive, | (Filed concurrently with the Declaration of Richard Hansen; Notice of Interested Parties; Notice of Related Cases and the Civil Cover Sheet) |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants ConAgra Foods, Inc. ("ConAgra") and Ralcorp Holdings, Inc. ("Ralcorp") (collectively "Defendants") by and through their counsel, invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act 2005, Pub. L. No. 109-2, § 4(a) ("CAFA")), 1441(a) and (b) and 1446, and remove this action from the Superior Court of the State of California in and for the County of Los Angeles. As grounds for removal, Defendants state as follows:

1.    On October 20, 2015, Plaintiff Moises Negrete filed a civil complaint against Defendants in the Superior Court of the State of California in and for the County of Los Angeles, *Moises Negrete v. ConAgra Foods, Inc., Ralcorp Holdings, Inc., Ralston Foods, Inc., Bloomfield Bakers, LLC, Lovin Oven, LLC,* Case No. BC598468, which sets forth the following ten causes of action: (i) failure to provide meal periods; (ii) failure to authorize and permit rest periods; (iii) failure to pay overtime wages; (iv) failure to pay minimum wages; (v) failure to pay all wages due to discharged and quitting employees; (vi) failure to furnish

accurate itemized wage statements; (vii) failure to maintain required records; (viii) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (ix) unfair and unlawful business practices; and (x) penalties under the Labor Code Private Attorneys General Act, as a representative action (the "Complaint").

2.     Plaintiff served the Summons and Complaint and all of the other related court documents on Defendants ConAgra and Ralcorp on December 30, 2015. Copies of the Notice of Service, the Summons, Complaint, and all other related court documents received by Defendants ConAgra and Ralcorp are attached to the Declaration of Richard Hansen as "Exhibit A." The Complaint is included as pages 5-23 and 60-78 of Exhibit A, and will be referred to throughout as the "Complaint."

3.     Plaintiff has not served Defendants Ralston Foods, Inc., Bloomfield Bakers, LLC, and Lovin Oven, LLC.

4.     Plaintiff's counsel filed a peremptory challenge to the judicial officer and the court heard the challenge on November 9, 2015. Hansen Decl., Ex. A, pp. 46-53, 107-10.

5.     The court filed an Initial Status Conference Order on December 11, 2015. Hansen Decl., Ex. A, pp. 54-58, 111-15.

6.     Other than the documents included in Exhibit A, no other documents have been filed with the superior court in this action. Hansen Decl., Exhibit B.

7.     The undersigned counsel certifies that a copy of this Notice of Removal and all supporting documents will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. § 1446(d).

8.     Venue for this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441 because this is the judicial district in which the action was filed and where the case is pending.

9. This Notice of Removal has been filed within thirty (30) days after Defendants were served with a copy of the Summons and Complaint upon which this action is based. This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

## CLASS ACTION FAIRNESS ACT

**A. Jurisdiction Pursuant to the Class Action Fairness Act**

10. Under CAFA, a defendant has a right to remove a state court action to a federal district court where the district court has original jurisdiction over the action. 28 U.S.C. § 1441.

11. The district courts have original jurisdiction over any civil action in which the "matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2).

12. The district courts have original jurisdiction where the proposed class involves 100 or more members or where the primary defendants are not States, State Officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

**B. Diversity of Citizenship Under the Class Action Fairness Act**

13. Under CAFA, diversity of citizenship is met when any member of the class is a citizen of a state different from any defendant. 28. U.S.C. § 1332(d)(2)(a).

14. Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

15. At the time of filing the Complaint, Plaintiff alleged that he is a resident of the state of California. Compl. ¶ 4.

16. A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

DEN 84360

17.    A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90 (2010).

18.    Defendant ConAgra, both at the time this action was commenced and at the time it was removed, was a citizen of Delaware and Illinois. ConAgra is incorporated in the state of Delaware. Hansen Decl., ¶¶ 3-4. ConAgra's principal place of business is Illinois, where its corporate headquarters are located. *Id.* at ¶ 4.

19.    Defendant Ralcorp, both at the time this action was commenced and at the time it was removed, was a citizen of Missouri. Ralcorp is incorporated in the state of Missouri. *Id.* at ¶¶ 5-6. Ralcorp's principal place of business is Missouri, where its corporate headquarters are located. *Id.* ¶ 6.

20.    The presence of Doe defendants does not impact diversity for removal purposes. 28 U.S.C. § 1441(b).

21.    Accordingly, CAFA's diversity of citizenship requirement is satisfied because Plaintiff is a citizen of California, Defendant ConAgra is a citizen of Illinois and Delaware, and Defendant Ralcorp is a citizen of Missouri.

**C.    Amount in Controversy Under the Class Action Fairness Act**

22.    Pursuant to CAFA, the amount in controversy must exceed the value of $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1332 (d)(2).

23.    In determining whether the amount in controversy exceeds $5,000,000.00, "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)). Evidence establishing the amount is only

required when the plaintiff contests, or the court questions, the defendant's allegation. *Dart*, 135 S. Ct. at 554.

24.   In measuring the amount in controversy, a court must assume that the Plaintiff will prevail on each of his claims. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (quotation omitted)).

25.   Here, the Complaint is silent as to the amount in controversy for each claim, and Defendants must only make a plausible allegation of the amount in controversy. Defendants deny that they owe Plaintiff any damages alleged in his Complaint.

26.   Plaintiff's proposed putative class is defined as "all current and former employees of DEFENDANTS in the State of California at any time beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment." Compl. ¶ 5.

27.   From October 2011 to October 2012, Ralcorp employed approximately 609 non-exempt employees in California, and their average hourly wage was approximately $11.25 per hour. Hansen Decl. ¶ 7.

28.   From October 2011 to October 2012, ConAgra employed approximately 1,759 non-exempt employees in California, and their average hourly wage was approximately $17.54 per hour. Hansen Decl. ¶ 8.

29.   From October 2012 to October 2013, ConAgra employed approximately 2,627 non-exempt employees in California, and their average hourly wage was approximately $16.35 per hour. Hansen Decl. ¶ 9.

30.   From October 2013 to October 2014, ConAgra employed approximately 2,545 non-exempt employees in California, and their average hourly wage was approximately $16.29 per hour. Hansen Decl. ¶ 10.

NOTICE OF REMOVAL

DEN 84360

31. From October 2014 to October 2015, ConAgra employed approximately 2,464 non-exempt employees in California, and their average hourly wage was approximately $16.17 per hour. Hansen Decl. ¶ 11.

32. From October 2015 until January 21, 2016, ConAgra employed approximately 2,337 non-exempt employees in California, and their average hourly wage was approximately $16.08. Hansen Decl. ¶ 12.

33. Plaintiff alleges that "PLAINTIFF and CLASS MEMBERS have regularly been denied . . . the opportunity to take full, uninterrupted, and timely meal periods as required under Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order No. 1-2001 § 11." Compl. ¶ 19. Plaintiff seeks one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided. Compl. ¶ 20. Plaintiff's Complaint fails to allege how often Defendants failed to provide Plaintiff and Class Members meal periods. For purposes of example only, assuming that each putative class member failed to receive at least one required meal break on at least one of their shifts per week during each year, the amount in controversy for this allegation is approximately $6,987,393.80 ((609 employees x $11.25 x 52 weeks = $356,265.00) + (1,759 employees x $17.54 x 52 weeks = $1,604,348.72) + (2,627 employees x $16.35 x 52 weeks = $2,233,475.40) + (2,545 employees x $16.29 x 52 weeks = $2,155,818.60) + (2,464 employees x $16.17 x 16 weeks = $637,486.08) = $6,987,393.80).[1]

---

[1] Plaintiff's alleged Class Period includes the four years prior to filing this action and ends at the time this action settles or proceeds to final judgment. Compl. ¶ 5. The statute of limitations for meal period violations is three years. Cal. Civ. Pro. § 338. However, Plaintiff also alleges that the violations he asserts in claims one through eight of his Complaint (which includes his meal period claim) constitute unfair and unlawful business practices under California Business and Professions Code § 17200, et seq., which has a four-year statute of limitations. Cal. Bus. & Pro. Code § 17208. Plaintiff seeks "preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and

7

DEN 94260

34.     Plaintiff alleges that "PLAINTIFF and CLASS MEMBERS have regularly been denied . . . the opportunity to take full, uninterrupted, and timely rest periods as required under Cal. Lab. Code § 226.7 and IWC Wage Order No. 1-2001 § 12." Compl. ¶ 24. Plaintiff seeks one additional hour of compensation at each employee's regular rate of pay for each workday that a rest break was not provided. Compl. ¶ 25. Plaintiff's Complaint fails to allege how often Defendants failed to authorize and permit Plaintiff and Class Members rest periods. For purposes of example only, assuming that each putative class member failed to receive at least one required rest break on at least one of their shifts per week during each year, the amount in controversy for this allegation is approximately $6,987,393.80 ((609 employees x $11.25 x 52 weeks = $356,265.00) + (1,759 employees x $17.54 x 52 weeks = $1,604,348.72) + (2,627 employees x $16.35 x 52 weeks = $2,233,475.40) + (2,545 employees x $16.29 x 52 weeks = $2,155,818.60) + (2,464 employees x $16.17 x 16 weeks = $637,486.08) = 6,987,393.80).

35.     Plaintiff's first and second causes of action on their own establish that the amount in controversy here is well over $5,000,000.00, without even adding in damages alleged in the third, fourth, fifth, sixth, seventh, eighth, ninth and tenth causes of action.

36.     Further, Plaintiff's Complaint alleges a claim for "reasonable attorneys' fees" pursuant to Cal. Lab. Code §§ 1194, 2699, 2802, 1021.5 and "any other applicable provisions providing for attorneys' fees." Compl., pp. 16-17, ¶ 9. Ninth Circuit law firmly establishes that statutory attorneys' fees will be included

---

restore to PLAINTIFF . . . the wages and other compensation unlawfully withheld from them. PLAINTIFF . . . [is] entitled to restitution of all monies to be disgorged from DEFENDANTS . . . ." Compl. ¶ 58. Accordingly, a four-year time period is considered for the purposes of assessing the amount in controversy for claims one through eight.

1   as a basis for determining the jurisdictional amount in controversy. *Guglielmino v.*
2   *McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

3       37.   Based on the definition of Class Member and Class Period, as well as
4   the damages sought in the claims laid out above, the alleged amount in
5   controversy, excluding interest and costs, reasonably exceeds $5,000,000.00.

6   **D.   Number of Class Members Exceeds 100**

7       38.   CAFA also provides that the district courts shall not have jurisdiction
8   over actions where "the number of members of all proposed plaintiff classes in the
9   aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

10      39.   Based upon Plaintiff's definition of a Class Member, and considering
11  that ConAgra employed approximately 2,337 non-exempt employees in California
12  from October 2015 to January 21, 2016 (without even considering those employed
13  before then), the putative class easily exceeds 100 members.  Hansen Decl. ¶¶ 7-
14  12.

15  **E.   Defendants Are Not States, State Officials, or any Other Governmental**
16  **Entity**

17      40.   CAFA also provides that district courts shall not have jurisdiction
18  over actions in which "the primary defendants are states, state officials, or other
19  governmental entities against whom the district court may be foreclosed from
20  ordering relief." 28 U.S.C. § 1332(d)(5).

21      41.   Defendants are not states, state officials, or any other governmental
22  entity.

23                        **DIVERSITY OF CITIZENSHIP**

24  **F.   Jurisdiction Based on Diversity of Citizenship**

25      42.   Alternatively, this action is removable pursuant to 28 U.S.C. §§ 1332
26  and 1441 because the citizenship of the real parties in interest is completely diverse

27

28

DEN 84360

1   and the amount in controversy for Plaintiff's individual claims exceeds the
2   jurisdictional requirement of $75,000.00.

3       43.    An action is removable based on diversity jurisdiction when: (i) the
4   amount in controversy for at least one named plaintiff exceeds $75,000.00,
5   exclusive of interest and costs; and (ii) the action is between citizens of different
6   states. 28 U.S.C. § 1332(a).

7       44.    Citizenship of the parties is determined by their citizenship status at
8   the commencement of the action. 28 U.S.C. § 1332(d)(7); *see supra* ¶¶ 14-17.

9       45.    A corporation is a citizen of any state where it is incorporated and
10  where its principal place of business is located. 28 U.S.C. § 1332(c). A limited
11  liability company is a citizen of every state of which its members are citizens.
12  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.
13  2006).

14      46.    In determining whether diversity of citizenship exists, a court looks to
15  the citizenship of the real parties in interest. *Roth v. Davis*, 231 F.2d 681, 683 (9th
16  Cir. 1956). "[W]here there is complete diversity between them, the presence of a
17  nominal party with no real interest in the controversy will be disregarded." *Id.*

18      47.    A civil action removable on the basis of diversity jurisdiction under
19  28 U.S.C. § 1332(a) may not be removed if "any of the parties in interest properly
20  joined and served as defendants is a citizen of the state in which such action is
21  brought." 28 U.S.C. § 1441(b)(2).

22      48.    In determining whether a civil action is removable under 28 U.S.C.
23  § 1332(a), citizenship of defendants sued under fictitious names shall be
24  disregarded. 28 U.S.C. § 1441(b).

25      49.    "Defendants who are nominal parties with nothing at stake may be
26  disregarding in determining diversity, despite the propriety of their technical
27  joinder." *Stroteck Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th

28

DCN 84360

Cir. 2002) (concluding that a party that was dissolved, had no operations, and its liabilities were transferred was a nominal party with nothing at stake).

50.    Plaintiff is a resident of the state of California.  As explained above, Defendant ConAgra is a resident of the states of Delaware and Illinois and Defendant Ralcorp is a resident of the state of Missouri. *See supra* ¶¶ 15-21.

51.    Defendant Ralston Foods, Inc. is not a real party in interest, but instead is a nominal party that can be disregarded in determining diversity.  Prior to the commencement of this action, Ralston Foods, Inc. merged into Ralcorp Holdings, Inc.  Hansen Decl. ¶ 9. Prior to the merger, Ralston Foods, Inc. was a Nevada corporation with its principal place of business in Missouri. *Id.*  Thus, prior to merging out of existence, Ralston Foods, Inc. was a citizen of Nevada and Missouri.  Plaintiff has not properly served Defendant Ralston Foods, Inc.

52.    Defendant Lovin Oven, LLC is not a real party in interest, but instead is a nominal party that can be disregarded in determining diversity.  Prior to the commencement of this action, Lovin Oven, LLC, was merged into Ralcorp, Holdings, Inc. on May 11, 2015.  Hansen Decl. ¶ 8.  Prior to the merger, Lovin Oven, LLC's sole member was Ralcorp Holdings, Inc. *Id.* Thus, prior to merging out of existence, Lovin Oven, LLC was a citizen of Missouri, the state of which its sole member is a citizen.  Plaintiff has not properly served Lovin Oven, LLC.

53.    Defendant Bloomfield Bakers, LLC is not a real party in interest, but instead is a nominal party that can be disregarded in determining diversity.  Prior to the commencement of this action, Bloomfield Bakers, LLC was merged into Lovin Oven, LLC on September 28, 2012.  Hansen Decl. ¶ 7.  Prior to the merger, Bloomfield Bakers sole member was Ralcorp Holdings, Inc. *Id.*  Thus, prior to merging out of existence, Bloomfield Bakers was a citizen of Missouri, the state of which its sole member is a citizen.   Plaintiff has not properly served Bloomfield Bakers, LLC.

54.     There is complete diversity between Plaintiff and the real-party-in-interest Defendants, ConAgra and Ralcorp.  Even if the citizenship of the nominal parties were to be considered, there would still be diversity, because there is diversity between Plaintiff and Bloomfield Bakers, LLC, Lovin Oven, LLC, and Ralston Foods, Inc.

55.     The amount in controversy for Plaintiff's individual claims exceeds $75,000.00. *See supra* ¶¶ 23-24.

56.     Defendants deny that it owes Plaintiff damages for any of his claims alleged in his Complaint.

57.     At the end of his employment, Plaintiff earned approximately $12.36 per hour.  Hansen Decl. ¶ 13.

58.     Plaintiff alleges that "PLAINTIFF . . . [has] regularly been denied . . . the opportunity to take full, uninterrupted, and timely meal periods as required under Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order No. 1-2001 § 11." Compl. ¶ 19.  Plaintiff seeks one additional hour of compensation at his regular rate of pay for each workday that a meal period was not provided.  *Id.* ¶ 20. Plaintiff fails to allege how often he was denied a meal period.  For purposes of example only, assuming that Plaintiff failed to receive at least one required meal break on at least five of his shifts per week from October 2011 until the termination of his employment on January 14, 2015, approximately 168 weeks,[2]

---

[2] The statute of limitations for meal period violations is three years.  Cal. Civ. Pro. § 338.  However, Plaintiff also alleges that the violations he asserts in claims one through eight of his Complaint constitute unfair and unlawful business practices under California Business and Professions Code § 17200, et seq., which has a four year statute of limitations.  Cal. Bus. & Pro. Code § 17208.  Plaintiff seeks "preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF . . . the wages and other compensation unlawfully withheld from them.  PLAINTIFF . . . [is] entitled to restitution of all monies to be disgorged from DEFENDANTS . . . ." Compl. ¶ 58.  Accordingly, the time period of October 20, 2011 until the end of

12

DEN 04360

the amount in controversy for this allegation is approximately $10,382.40 ($12.36 x 168 weeks x 5 shifts = $10,382.40).

59.     Plaintiff alleges that "PLAINTIFF . . . [has] regularly been denied . . . the opportunity to take full, uninterrupted, and timely rest periods as required under Cal. Lab. Code § 226.7 and IWC Wage Order No. 1-2001 § 12." Compl. ¶ 24. Plaintiff seeks one additional hour of compensation at his regular rate of pay for each workday that a rest break that was not provided. *Id.* at ¶ 12. Plaintiff fails to allege how often he was denied a rest period. For purposes of example only, assuming Plaintiff failed to receive at least one required rest break on at least five of his shifts per week for 168 weeks, the amount in controversy is approximately $10,382.40 ($12.36 x 168 weeks x 5 shifts = $10,382.40).

60.     Plaintiff also alleges that Defendants failed to pay Plaintiff overtime wages. Compl. ¶¶ 27-31. Plaintiff asserts that Defendants were required to compensate Plaintiff at a rate of one and one-half times the regular rate of pay for all hours worked in excess of eight hours in one workday or 40 hours in one workweek, and for the first eight hours on the seventh day of work in one workweek. Compl. ¶ 28. Plaintiff also asserts that Defendants were required to compensate Plaintiff at a rate of twice the employee's regular rate of pay in excess of 12 hours in one workday and any work in excess of eight hours on the seventh day of the workweek. *Id.* Plaintiff fails to allege the specific amount of unpaid overtime he seeks. For example only, assuming that Plaintiff worked five unpaid hours of overtime at the rate of one and one half his regular rate per week (i.e., one hour per shift) for 168 weeks, and assuming that Plaintiff worked one hour of unpaid overtime at the rate of two times his hourly rate every week for a period of 168 weeks, the amount in controversy for this allegation is approximately

Plaintiff's employment on January 14, 2015, which is approximately 168 weeks, will be considered in assessing the amount in controversy.

NOTICE OF REMOVAL

DEN 84260

$19,726.56 (($18.54 per hour x 5 hours x 168 weeks = $15,573.60) + ($24.72 per hour x 1 hour x 168 weeks = $4,152.96) = $19,726.56).

61.    Plaintiff also alleged Defendants "failed to pay PLAINTIFF . . . minimum wages for all hours worked." Compl. ¶ 33. Plaintiff alleges that he is entitled to "recover the unpaid balance of wages owed." *Id.* at ¶ 35. Plaintiff also asserts that he is entitled to liquidated damages pursuant to Cal. Lab. Code § 1194.2, which provides for damages in the amount equal to the unpaid wages. *Id.* p. 16 ¶ 4. Plaintiff fails to allege the amount of unpaid minimum wage he seeks. For example only, assuming Plaintiff worked at least five hours per week during which Defendants failed to pay him the minimum wage, and Plaintiff is entitled to recover both the minimum wage and liquidated damages, the amount in controversy for this allegation is approximately $13,440.00 (($8.00 per hour x 5 hours x 168 weeks = $6,720.00) x 2 for liquidated damages = $13,440.00).[3]

62.    Plaintiff also alleges that Defendants willfully failed to pay Plaintiff "in accordance with Cal. Lab. Code §§ 201 and 202." Compl. ¶ 40. Plaintiff alleges that pursuant to Cal. Lab. Code § 203, if an employer willfully fails to pay any wages to any employee, who is discharged or quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays. Compl. ¶ 39. Plaintiff failed to allege the specific amount of wages that remained unpaid at the end of his employment. For example only, assuming that Plaintiff worked an eight hour work day at $12.36 per hour, the damages for this alleged violation would be approximately $2,966.40 ($12.36 per hour x 8 hours per day x 30 days = $2,966.40).

---

[3] The lowest applicable minimum wage is $8.00, which was the minimum wage from January 1, 2008 until July 1, 2014. *See* State of California, Department of Industrial Relations, *History of California Minimum Wage* (last visited Jan. 21, 2016), https://www.dir.ca.gov/iwc/MinimumWageHistory.htm.

63.   Plaintiff alleges that Defendants failed to furnish and maintain accurate itemized wage statements.  Compl. ¶¶ 42-48.  "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his employees . . . an accurate itemized statement in writing."  Cal. Lab. Code § 226.  In Plaintiff's sixth and seventh causes of action, he alleges that he is entitled to "all available statutory penalties, including . . . [California Labor Code § 226(e)]."  Compl. ¶¶ 44, 48.  Cal. Lab. Code § 226(e) provides that an employee "suffering an injury as a result of a knowing and intentional failure by an employer . . . is entitled to recover the greater of all actual damages or fifty ($50) for the initial pay period in which a violation occurs and one hundred ($100) per employee for each violation in a subsequent pay period not to exceed . . . four thousand dollars ($4,000)."  Plaintiff failed to allege a specific number of violations that occurred.  For example only, assuming Plaintiff alleges this violation occurred every pay period for 168 weeks, the damages for this alleged violation would be the maximum $4,000.00.

64.   Plaintiff also brings a claim for PAGA penalties on behalf of himself.  Compl. ¶¶ 59-63.   For the purposes of the amount in controversy analysis, Plaintiff's PAGA claims may not be aggregated with the damages for his representative class; however, his individual damages may be considered.  *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118 (9th Cir. 2013); *Mitchell v. Grubhub Inc.*, No. CV-15-05465-BRO, 2015 WL 5096420, at *6 (C.D. Cal. Aug. 28, 2015) (including the total amount of individual penalties of PAGA claims in the amount in controversy).[4]  Plaintiff seeks to recover civil penalties, "including

---

[4] Given that PAGA claims have a one year statute of limitations, and that the Plaintiff's employment was terminated on or about January 14, 2015, the relevant timeframe for determining PAGA penalties applicable to Plaintiff's individual claims is from October 20, 2014 until January 14, 2015, or approximately 12 weeks.  *See Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1346 (C.D.

15

but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5 and 1197.1 and IWC Wage Order No. 1-2001 § 20" from Defendant ConAgra. Compl. ¶ 61.

65.    Cal. Lab. Code § 210 provides that "every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5" is subject to a penalty of "one hundred dollars ($100) for each failure to pay each employee" and "for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."  Plaintiff failed to allege which specific violations occurred, how often violations occurred and any amount of wages unlawfully withheld.  For example only, if one violation occurred each week over the course of 12 weeks or 12 pay periods, the damages for this alleged violation would be approximately $2,300.00 ($100 for one pay period + ($200 x 11 pay period) = $2,300.00).

66.    Cal. Lab. Code § 226.3 provides that an employer who violates Section 226 may be subject to a civil penalty of $250.00 per employee per violation in an initial citation and $1,000.00 per employee for each violation in subsequent citations.  Plaintiff fails to allege how often Defendants failed to provide him with the itemized wage statement required under Cal. Lab. Code § 226.  However, Plaintiff received his compensation on a weekly basis.  Hansen Decl. ¶ 15.  Accordingly, for example only, if a violation occurred each pay period for 12 weeks and multiple citations were issued, the damages for this alleged violation would be approximately $11,250.00 ($250 for the first citation + (11 pay periods x $1,000 for the subsequent citations) = $11,250.00).

Cal. 2014) ("PAGA claims are subject to a one-year statute of limitations); Hansen Decl. ¶ 17.

16

67.   Cal. Lab. Code § 558 provides a penalty of "fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid" and "one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid" in any subsequent violation." Cal. Lab. Code § 558.  Plaintiff failed to allege how many pay periods he was underpaid for the purposes of this penalty, and how many alleged violations occurred.  For example only, if Plaintiff was underpaid for 12 pay periods and multiple violations occurred, the damages for this alleged violation would be $1,150.00 ($50.00 for the initial violation + ($100.00 x 11 pay periods for each subsequent violation) =$1,150.00).

68.   Cal. Lab. Code § 1174.5 imposes a $500.00 penalty on any employer who willfully fails to maintain required records.  Plaintiff alleges that Defendants "knowingly and intentionally failed to maintain records" as required. Compl. ¶ 43. For example only, the damages for this alleged violation would be $500.00.

69.   Finally, Plaintiff also alleges penalties imposed under IWC Wage Order No. 1-2001 § 20, which provides a $50.00 penalty "for each underpaid employee for each pay period during which the employee was underpaid" and a $100.00 penalty for each subsequent violation.  Plaintiff failed to allege the number of pay periods during which he was underpaid, and how many alleged violations occurred.  For example only, assuming that Plaintiff was underpaid for 12 pay periods, the damages for this claim would be $1,150.00 ($50.00 for the initial violation + (11 pay periods x $100.00 for each subsequent violation) = $1,150.00).

70.   Considering Plaintiff's first, second, third, fourth, fifth, sixth, seventh and tenth causes of action, the amount in controversy for Plaintiff's individual claims is at least approximately $77,247.76, without even considering the alleged damages and penalties in Plaintiff's eighth cause of action, the unknown damages

NOTICE OF REMOVAL

for alleged PAGA penalties pursuant to California Labor Code § 2699, and the remaining claimed damages.

71.    Further, Plaintiff's Complaint alleges a claim for "reasonable attorneys' fees" pursuant to Cal. Lab. Code §§ 1194, 2699, 2802, 1021.5 and "any other applicable provisions providing for attorneys' fees." Compl. pp. 16-17, ¶ 9. Ninth Circuit law firmly establishes that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

72.    Accordingly, Plaintiff's individual claims exceed the $75,000.00 amount in controversy.

## SUPPLEMENTAL JURISDICTION

73.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any remaining state law claims not properly removed under CAFA or diversity jurisdiction, as all of the claims are a part of the same case or controversy.

/ / /

/ / /

/ / /

NOTICE OF REMOVAL

1    WHEREFORE, Defendants respectfully remove this action now pending in

2    the Superior Court of California in and for Los Angeles County to the United

3    States District Court for the Central District of California, Western Division.

4

5    DATED: _Jun 28, 2016_

6

7    By: _____
     NICKY JATANA, SBN: 197682

8    CAROLINE WOLF, SBN: 268014
     JACKSON LEWIS P.C.

9

10   JOSEF S. GLYNIAS
     (*Pro Hac Vice* Motion Forthcoming)

11   ANDREW J. WEISSLER
     (*Pro Hac Vice* Motion Forthcoming)

12   EMMA L. SAVORY
     (*Pro Hac Vice* Motion Forthcoming)

13   HUSCH BLACKWELL LLP

14

15   Attorneys for Defendants

16   ConAgra Foods, Inc. and
     Ralcorp Holdings, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

19
NOTICE OF REMOVAL