1  [Counsel listed on next page]

2  **UNITED STATES DISTRICT COURT**

3  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 4  MOISES NEGRETE, individually and on behalf of all others similarly situated,<br><br>5<br><br>     Plaintiff,<br>6<br>     vs.<br>7<br>CONAGRA FOODS, INC., et al.,<br>8<br>     Defendants. | Lead Case No. 2:16-cv-631-FMO-AJW<br><br>Consolidated with Case Nos. 2:16-cv-02801 FMO-AJW; 5:16-cv-02219-FMO-AJW; 2:16-cv-08069-FMO-AJW; and 2:17-cv-03141-FMO-AJW |

**CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**

1. Failure to Provide Meal Periods
2. Failure to Authorize and Permit Rest Periods
3. Failure to Pay Minimum Wages
4. Failure to Pay Overtime Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Furnish Accurate Itemized Wage Statements
7. Failure to Maintain Required Records
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Failure to Pay Reporting Time Pay
10. Unfair and Unlawful Business Practices
11. Penalties under the Labor Code Private Attorneys General Act, as a Representative Action
12. Conversion
13. Violation of the Fair Labor Standards Act

**DEMAND FOR JURY TRIAL**

9  VALENTIN VILLAR, individually, and on behalf of all others similarly situated,
10
     Plaintiffs,
11
     vs.
12  CONAGRA FOODS, INC., et al.,
13
     Defendants.

14  STEPHEN ANDERSON, et al., individually and on behalf of all others similarly situated,
15
     Plaintiffs,
16
     vs.
17  CONAGRA FOODS, INC., et al.,
18
     Defendants.

19  JORDYN NJOROGE, on behalf of herself, all others similarly situated, and the general public
20
     Plaintiffs,
21
     vs.
22  FIRST RATE STAFFING CORPORATION, et al.,
23
     Defendants.

24  JESSE ALVAREZ, et al., individually and on behalf of all others similarly situated,
25
26
     Plaintiffs,
27
     vs.
28  CONAGRA BRANDS, INC., et al.,
     Defendants.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
DEANNA S. LEIFER (SBN 265840)
dleifer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiffs Moises Negrete, Stephen
Anderson, Felicia Avila, Ruben Maldonado, Felix
Villela, Frank Perez, and Anita del Rosario Patriz,
individually and on behalf of all others similarly
situated

FARZAD RASTEGAR (State Bar No. 155555)
farzad@rastegarlawgroup.com
DOUGLAS W. PERLMAN (State Bar No. 167203)
douglas@rastegarlawgroup.com
**RASTEGAR LAW GROUP, APC**
22760 Hawthorne Boulevard, Suite 200
Torrance, California 90505
Tel.: (310) 961-9600
Fax: (310) 961-9094

Attorneys for Plaintiff Valentin Villar, individually,
and on behalf of all others similarly situated

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
scott@setarehlaw.com
Setareh Law Group
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone: (310) 888-7771
Fax: (310) 888-0109

Attorneys for Plaintiff Jordyn Njoroge

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

2

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

Robert W. Sink, Esq. (*pro hac vice*)
**LAW OFFICES OF ROBERT W. SINK**
1800 J.F.K. Boulevard, 14th Floor
Philadelphia, PA 19103
Tel:   (215) 995-1000
Fax:   (215) 475-4600
rsink@sinklawoffices.com

Cory G. Lee, Esq. (SBN 216921)
**THE DOWNEY LAW FIRM (OF COUNSEL)**
9595 Wilshire Blvd. Suite 900
Beverly Hills, CA 90212
Telephone:   (213) 291-3333
Facsimile:   (610) 813-4579
downeyjusticelee@gmail.com

Attorneys for Plaintiffs Jesse Alvarez, Abraham
Ibarra, Arturo Verduzco, Hector Mendez and
Richard Cruse

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

3

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

Plaintiffs MOISES NEGRETE ("NEGRETE"), VALENTIN VILLAR ("VILLAR"), STEPHEN ANDERSON ("ANDERSON"), FELICIA AVILA ("AVILA"), RUBEN MALDONADO ("MALDONADO"), FELIX VILLELA ("VILLELA"), FRANK PEREZ ("PEREZ"), JORDYN NJOROGE ("NJOROGE"), ANITA DEL ROSARIO PATRIZ ("PATRIZ"), JESSE ALVAREZ ("ALVAREZ"), ABRAHAM IBARRA ("IBARRA"), ARTURO VERDUZCO ("VERDUZCO"), HECTOR MENDEZ ("MENDEZ") and VICTOR CRUSE ("CRUSE") (collectively, "PLAINTIFFS"), individually and on behalf of all others similarly situated, hereby allege as follows:

## INTRODUCTION

1.      PLAINTIFFS bring this action on behalf of themselves and all other similarly-situated current and former non-exempt employees of defendants CONAGRA FOODS, INC. ("CONAGRA FOODS"); RALCORP HOLDINGS, INC. ("RALCORP HOLDINGS"); CONAGRA FOODS PACKAGED FOODS, LLC ("CONAGRA FOODS PACKAGED FOODS"); CONAGRA BRANDS, INC. ("CONAGRA BRANDS"), FIRST RATE STAFFING CORPORATION ("FIRST RATE STAFFING") and DOES 1 through 10 inclusive (collectively, "DEFENDANTS"), in the State of California during the relevant statutory period to recover, among other things, unpaid compensation arising from DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefor) as required under California law, unpaid compensation for all hours worked, including unpaid minimum and overtime wages, unreimbursed business expenses, failure to pay reporting time pay, conversion, and violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  PLAINTIFFS also seek penalties, interest, attorneys' fees, costs and expenses, and equitable, restitutionary and injunctive relief.

## JURISDICTION

2.      Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), the United States District Court for the Central District of California

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

4

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

has jurisdiction in this matter because the matter in controversy exceeds the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which at least one member of the class of plaintiffs is a citizen of a state different from any defendant.

3.     This Court is also vested with original jurisdiction over PLAINTIFFS' claims under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216(b) and because PLAINTIFFS raise a federal question pursuant to 28 U.S.C. § 1331.

4.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because DEFENDANTS are subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

5.     Plaintiff NEGRETE is a resident of the State of California. NEGRETE was employed by DEFENDANTS as a non-exempt employee in the Production Department at DEFENDANTS' facility located in Azusa, California, in a variety of positions, including mixer, palletizer, and forklift driver, until approximately January 2015.

6.     Plaintiff VILLAR is a resident of the State of California.  VILLAR was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facility located in Azusa, California, as a janitor, from approximately 2004 to March 28, 2015.

7.     Plaintiff ANDERSON is a resident of the State of California. ANDERSON was employed by DEFENDANTS as a non-exempt lead operator at DEFENDANTS' facility located in Visalia, California, until approximately September 13, 2013.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

5

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

8.      Plaintiff AVILA is a resident of the State of California.  AVILA was employed by DEFENDANTS as a non-exempt lab tech at DEFENDANTS' facility located in Colton, California, until approximately February 2016.

9.      Plaintiff MALDONADO is a resident of the State of California. MALDONADO was employed by DEFENDANTS as a non-exempt food packaging worker at DEFENDANTS' facility located in Lodi, California, until approximately May 2016.

10.      Plaintiff VILLELA is a resident of the State of California.  VILLELA was employed by DEFENDANTS as a non-exempt production line worker at DEFENDANTS' facility located in Oakdale, California, until approximately July 2016.

11.      Plaintiff PEREZ is a resident of the State of California.  PEREZ was employed by DEFENDANTS as a non-exempt lead septic technician at DEFENDANTS' facility located in Helm, California, until approximately March 2016.

12.      Plaintiff NJOROGE is a resident of the State of California. NJOROGE was employed by DEFENDANTS as a non-exempt palletizer at DEFENDANTS' facility located in Azusa, California, until approximately July 2015.

13.      Plaintiff PATRIZ is a resident of the State of California.  PATRIZ has been employed by DEFENDANTS as a non-exempt tomato sorter at DEFENDANTS' facility located in Oakdale, California, since approximately July 2009.

14.      Plaintiff ALVAREZ had been or is currently employed by DEFENDANTS at their Oakdale, Stanislaus County, California facilities within the statutory period in this case.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

6

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

15.    Plaintiff IBARRA had been or is currently employed by DEFENDANTS at their Oakdale, Stanislaus County, California facilities within the statutory period in this case.

16.    Plaintiff VERDUZCO had been or is currently employed by DEFENDANTS at their Oakdale, Stanislaus County, California facilities within the statutory period in this case.

17.    Plaintiff MENDEZ had been or is currently employed by DEFENDANTS at their Oakdale, Stanislaus County, California facilities within the statutory period in this case.

18.    Plaintiff CRUSE had been or is currently employed by DEFENDANTS at their Oakdale, Stanislaus County, California facilities within the statutory period in this case.

19.    PLAINTIFFS bring this action on behalf of themselves and the following similarly situated classes of individuals ("CLASS MEMBERS"): all persons employed by DEFENDANTS as non-exempt employees at ConAgra locations in the State of California at any time from October 20, 2011 through the date this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFFS reserve the right to name additional class representatives.

20.    PLAINTIFFS also seek to represent a class defined as follows for violations of the FLSA:  all current and former non-exempt hourly employees who were directly employed by DEFENDANTS at DEFENDANTS' food processing facilities in California and were paid by DEFENDANTS, at any time within four years prior to the filing of the original complaint until resolution of this action.

21.    PLAINTIFFS are informed and believe, and thereon allege, that CONAGRA FOODS is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware.  PLAINTIFFS are further informed and believe, and thereon allege, that CONAGRA FOODS is authorized to conduct business in the State of California, and does conduct business

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

7

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

in the State of California. Specifically, CONAGRA FOODS maintains offices and facilities, conducts business, and engages in illegal practices in the County of Los Angeles.

22. PLAINTIFFS are informed and believe, and thereon allege, that RALCORP HOLDINGS is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Missouri. PLAINTIFFS are further informed and believe, and thereon allege, that RALCORP HOLDINGS is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, RALCORP HOLDINGS maintains offices and facilities, conducts business, and engages in illegal practices in the County of Los Angeles.

23. PLAINTIFFS are informed and believe, and thereon allege, that CONAGRA FOODS PACKAGED FOODS is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Delaware. PLAINTIFFS are further informed and believe, and thereon allege, that CONAGRA FOODS PACKAGED FOODS is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, CONAGRA FOODS PACKAGED FOODS maintains offices and facilities, conducts business, and engages in illegal practices in the County of Los Angeles.

24. PLAINTIFFS are informed and believe, and thereon allege, that CONAGRA BRANDS is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware. PLAINTIFFS are further informed and believe, and thereon allege, that CONAGRA BRANDS is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, CONAGRA BRANDS maintains offices and facilities, conducts business, and engages in illegal practices in the Counties of Los Angeles and Stanislaus.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

8

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

25.    PLAINTIFFS are informed and believe, and thereon allege, that FIRST RATE STAFFING is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware.  PLAINTIFFS are further informed and believe, and thereon allege, that FIRST RATE STAFFING is authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, FIRST RATE STAFFING maintains offices and facilities, conducts business, and engages in illegal practices in the County of Los Angeles.

26.    The true names and capacities of DOES 1 through 10, inclusive, are unknown to PLAINTIFFS at this time, and PLAINTIFFS therefore sues such DOE defendants under fictitious names.  PLAINTIFFS are informed and believe, and thereon allege, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFFS and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants.  PLAINTIFFS will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE defendants when ascertained.

27.    At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFFS and CLASS MEMBERS.  PLAINTIFFS are informed and believe, and thereon allege, that at all times material to this complaint, DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each defendant was completely dominated by his, her or its co-defendant, and each was the alter ego of the other.

28.    At all relevant times herein, PLAINTIFFS and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied.   In perpetrating the acts and omissions

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

9

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFFS and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to provide meal and rest periods; failing to properly maintain records; failing to pay overtime and minimum wages; failing to provide accurate itemized statements; and failing to compensate PLAINTIFFS and CLASS MEMBERS for necessary expenditures, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Orders.

29.    PLAINTIFFS are informed and believe, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

30.    As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

31.    This action is appropriately suited for class treatment because:

a.    The potential class is of a significant number.  Joinder of all current and former employees individually would be impracticable.

b.    This action involves common questions of law and fact because the action focuses on DEFENDANTS' illegal policies and practices which were applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Orders, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

10

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

c. PLAINTIFFS' claims are typical of the claims of the CLASS MEMBERS because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Orders, and the Business and Professions Code.

d. PLAINTIFFS will fairly and adequately protect the interests of all CLASS MEMBERS, as they do not have any conflicts of interest with the CLASS MEMBERS and have retained counsel experienced in wage-and-hour class actions.

## FIRST CAUSE OF ACTION

### Failure to Provide Meal Periods

### [Labor Code §§ 226.7, 512; IWC Wage Order Nos. 1-2001 and 8-2001, § 11]

### (Against all DEFENDANTS)

32. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 31.

33. During the CLASS PERIOD, DEFENDANTS have had, and continue to have, a policy and practice of failing to provide PLAINTIFFS and CLASS MEMBERS full and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order Nos. 1-2001 and 8-2001, § 11.

34. During the CLASS PERIOD, PLAINTIFFS and CLASS MEMBERS often were not provided meal periods until after the fifth hour of work due to a lack of adequate staffing levels.  PLAINTIFFS and other CLASS MEMBERS were not permitted to take their meal periods until their supervisors told them to take their meal periods.  PLAINTIFFS' and other CLASS MEMBERS' supervisors regularly failed to relieve them of duty within the first five hours of their shifts.  NEGRETE, for example, was not provided a meal period until after the fifth hour of work approximately one shift per week.  PEREZ, for example, was not provided a meal period until after the fifth hour of work most shifts that he worked.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

11

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

35.     During the CLASS PERIOD, DEFENDANTS have had a policy and practice of failing to provide PLAINTIFFS and CLASS MEMBERS a second thirty-minute uninterrupted meal period during shifts over ten hours.  NEGRETE, for example, worked shifts over ten hours approximately one day per week. VILLAR, for example, worked shifts over ten hours approximately ten times per month.  AVILA, for example, worked shifts over ten hours approximately three or four times a month.     PEREZ, for example, worked shifts over ten hours approximately seven days a week during the fresh pack season.  PLAINTIFFS were not provided a second meal period during such shifts.

36.     During the CLASS PERIOD, PLAINTIFFS and other CLASS MEMBERS were often denied full thirty-minute meal periods.   For example, MALDONADO, PATRIZ, and other CLASS MEMBERS were deprived of full thirty-minute breaks because they were required to don and doff their work gear during their meal periods.  After leaving the production line and clocking out for their meal periods, MALDONADO, PATRIZ, and other CLASS MEMBERS were required to remove their work uniforms and protective gear, including some or all of the following:  goggles, laboratory coats, hard hats, ear plugs, hair nets, beard nets, and gloves.  Before clocking back in from their meal periods and returning to the production line, MALDONADO, PATRIZ, and other CLASS MEMBERS were required to put on their work uniforms and protective gear.  MALDONADO, PATRIZ, and other CLASS MEMBERS were subject to discipline, including but not limited to being written up or orally reprimanded, if they were not at their work stations thirty minutes after the start of their meal periods.  The process of donning and doffing their work uniforms and protective gear and walking to and from the break rooms deprived MALDONADO, PATRIZ, and other CLASS MEMBERS of full thirty-minute meal periods.   Additionally, from approximately January 20, 2011 through May 1, 2014, DEFENDANTS automatically deducted 30 minutes from CLASS MEMBERS' compensation for a meal period regardless of whether

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

12

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

CLASS MEMBERS were afforded a meal period and regardless of the actual duration of the meal period. Similarly, ALVAREZ, IBARRA, VERDUZCO, MENDEZ, CRUSE, PATRIZ and other CLASS MEMBERS were required to leave the break areas several minutes prior to the end of their 30-minute meal periods in order to allow them sufficient time to sanitize, walk back to the time clocks, and clock in. DEFENDANTS continued to exercise control over PLAINTIFF and CLASS MEMBERS during meal periods.

37. During the CLASS PERIOD, PLAINTIFFS and other CLASS MEMBERS were often interrupted during their meal periods. For example, AVILA was required to wear a radio at all times while working and was frequently called on the radio during her meal periods and asked to return to the lab to run tests or provide information for loads to go out. AVILA was interrupted during her meal period approximately once each week. PEREZ was required to wear a radio at all times while working and was frequently called on the radio during his meal periods and given instructions to pick up parts when they arrived. During the fresh pack season, PEREZ's meal periods were interrupted approximately four times each week. During the off season, PEREZ's meal periods were interrupted approximately once each week. MENDEZ, VERDUZCO, CRUSE, and other CLASS MEMBERS were also required to carry radios for the express purpose of allowing DEFENDANTS' supervisors to contact and communicate with them during their meal breaks. Similarly, CLASS MEMBERS who did not carry radios were required to communicate with supervisory personnel during their meal breaks if called to do so.

38. During the CLASS PERIOD, VILLAR, for example, and other CLASS MEMBERS were routinely instructed through their radios by DEFENDANTS' supervisors to immediately report back to work regardless of whether VILLAR and other CLASS MEMBERS were finished with their meal

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

13

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

periods.  DEFENDANTS gave these orders knowing they would result in VILLAR and other CLASS MEMBERS returning early from their meal periods.

39.    During the CLASS PERIOD, VILLELA, PATRIZ and other CLASS MEMBERS were not allowed to leave the premises during meal periods.

40.    During the CLASS PERIOD, DEFENDANTS required NEGRETE, for example, and other CLASS MEMBERS to execute On-the-Job Paid Meal Period Agreements.  However, the nature of NEGRETE's and other CLASS MEMBERS' work did not prevent them from being relieved of all duty for their meal periods.

41.    As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFFS and CLASS MEMBERS have regularly been denied, and continue to be denied, the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order Nos. 1-2001 and 8-2001, § 11.

42.    DEFENDANTS have further violated and continue to violate California Labor Code § 226.7 and IWC Wage Order Nos. 1-2001 and 8-2001, § 11 by failing to compensate PLAINTIFFS and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage Orders, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

43.    As a direct and proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order Nos. 1-2001 and 8-2001.

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

14

CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

### [Labor Code § 226.7; IWC Wage Order Nos. 1-2001 and 8-2001, § 12]

### (Against all DEFENDANTS)

44.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 43.

45.     During the CLASS PERIOD, DEFENDANTS have had, and continue to have, a policy and practice of failing to authorize and permit PLAINTIFFS and CLASS MEMBERS to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order Nos. 1-2001 and 8-2001, § 12.  As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFFS and CLASS MEMBERS have regularly been denied, and continue to be denied, the opportunity to take full, uninterrupted, and timely rest periods as required under California Labor Code § 226.7 and IWC Wage Order Nos. 1-2001 and 8-2001, § 12.

46.     During the CLASS PERIOD, PLAINTIFFS and other CLASS MEMBERS often were unable to take rest breaks, as DEFENDANTS failed to staff enough employees to relieve PLAINTIFFS and other CLASS MEMBERS for their rest breaks.  For example, AVILA was not provided a ten-minute rest break each shift that she worked.  VILLELA was not provided a first ten-minute rest break each shift that he worked.  PEREZ was not provided a first ten-minute rest break approximately five times a week during the fresh pack season

47.     During the CLASS PERIOD, when PLAINTIFFS and other CLASS MEMBERS were provided rest breaks, such breaks were often less than ten minutes.  MALDONADO, for example, and other CLASS MEMBERS were deprived of  a full ten minutes of rest because they were required to don and doff work uniforms and protective gear and were required to walk to and from the break rooms during their rest breaks.  After leaving the production line, MALDONADO

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

15

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

and other CLASS MEMBERS were required to remove their work uniforms and protective gear, including goggles, laboratory coats, hard hats, ear plugs, hair nets, beard nets, and gloves.  Before returning to the production line, MALDONADO and other CLASS MEMBERS were required to put on their work uniforms and protective gear.  As a result, MALDONADO and other CLASS MEMBERS were denied a net ten minutes of rest.

48.   During the CLASS PERIOD, ALVAREZ, IBARRA, VERDUZCO, MENDEZ and CRUSE, for example, and other CLASS MEMBERS were not afforded ten-minute rest periods free of work activities because of the amount of mandatory work activities compelled by DEFENDANTS' policies, including lengthy walks to rest areas and because PLAINTIFFS and their coworkers were required to continue working in production activities if they could not be relieved of duties, despite having clocked out.  Additionally, by policy, DEFENDANTS continued to exercise control over PLAINTIFFS and CLASS MEMBERS during rest periods by prescribing where rest periods could be taken and what CLASS MEMBERS must wear during rest periods and mandating that PLAINTIFFS and CLASS MEMBERS communicate with supervisory personnel concerning work matters during their rest breaks.

49.   During the CLASS PERIOD, VILLAR, for example, and other CLASS MEMBERS were routinely instructed through their radios by DEFENDANTS to immediately report back to work regardless of whether VILLAR and other CLASS MEMBERS were finished with their rest breaks. DEFENDANTS gave these orders knowing they would result in VILLAR and other CLASS MEMBERS returning early from their rest breaks.   MENDEZ, VERDUZCO and CRUSE, for example, and other CLASS MEMBERS were required to carry radios for the express purpose of allowing DEFENDANTS' supervisors to contact and communicate with CLASS MEMBERS during their rest breaks.   Similarly, CLASS MEMBERS who did not carry radios were required to

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

16

CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

communicate with supervisory personnel during their rest breaks if called upon to do so.

50.     During the CLASS PERIOD, DEFENDANTS have had a policy and practice of failing to authorize and permit a third ten-minute rest break during shifts over ten hours.  During shifts over ten hours, PLAINTIFFS and other CLASS MEMBERS were not provided a third ten-minute rest period.  For example, NEGRETE worked shifts over ten hours approximately one day per week. VILLAR worked shifts over ten hours approximately ten times per month. ANDERSON worked shifts over ten hours approximately two times per week. AVILA worked shifts over ten hours approximately three or four times per month. PEREZ worked shifts over ten hours approximately seven days a week during the fresh pack season.

51.     During the CLASS PERIOD, DEFENDANTS also had a policy and practice of failing to provide rest periods in the middle of each work period "insofar as practicable."  NEGRETE, for example, was not provided a ten-minute rest period until after the fourth hour of work approximately two shifts per week.  NEGRETE and other CLASS MEMBERS were often not able to take their rest periods until near the end of their shifts due to a lack of adequate staffing levels.

52.     DEFENDANTS further violated and continue to violate California Labor Code § 226.7 and IWC Wage Order Nos. 1-2001 and 8-2001, § 12 by failing to pay PLAINTIFFS and CLASS MEMBERS who were not provided a rest period, in accordance with the applicable Wage Orders, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

53.     As a direct and proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

17

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order Nos. 1-2001 and 8-2001.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Labor Code §§ 1194, 1197; IWC Wage Order Nos. 1-2001 and 8-2001, § 4]**

**(Against all DEFENDANTS)**

54.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 53.

55.     Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order Nos. 1-2001 and 8-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a pay period is unlawful.

56.     During the CLASS PERIOD, DEFENDANTS failed to, and continue to fail to, pay PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked.

57.     PLAINTIFFS and other CLASS MEMBERS performed work for which they were not compensated.  Prior to clocking in for a shift, MALDONADO, for example, and other CLASS MEMBERS were required to put on their work uniforms and protective gear, including some or all of the following:  goggles, laboratory coats, hard hats, ear plugs, hair nets, beard nets, and gloves. MALDONADO and other CLASS MEMBERS could not put on their work gear after clocking in because they were required to be on the production line at their scheduled start times and they were not allowed to clock in before their scheduled start times.  MALDONADO and other CLASS MEMBERS were also required to remove their work gear after clocking out at the end of their scheduled shifts. MALDONADO and other CLASS MEMBERS spent approximately ten minutes donning and doffing each day.  MALDONADO and other CLASS MEMBERS were not paid for this time.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

18

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

58.     At the beginning of each work day, prior to the start of paid time, ALVAREZ, IBARRA, VERDUZCO, MENDEZ and CRUSE, for example, and other CLASS MEMBERS spent substantial amounts of time, for which they were not compensated, performing activities such as waiting to clock in, donning their required sanitary gear, waiting in line to wash hands, and performing other work activities.  As a result of the various work activities which PLAINTIFFS and other CLASS MEMBERS were required to perform prior to the start of paid time, PLAINTIFFS and CLASS MEMBERS regularly were forced to arrive at the plant well before the start of their shifts and were not credited for all time spent working on behalf of DEFENDANTS.

59.     Supervisors sometimes asked PLAINTIFFS and other CLASS MEMBERS to perform work after they had clocked out at the end of their shifts and/or during their meal periods.  For example, NEGRETE's supervisors sometimes asked him to pick up tools and put them away after NEGRETE had clocked out at the end of his shift.  On these occasions, NEGRETE spent approximately five to ten minutes performing work for which he was not compensated.  NEGRETE's supervisors and co-workers also interrupted NEGRETE's meal periods by asking him work-related questions while he was clocked out for his meal periods.  PLAINTIFFS and CLASS MEMBERS who were required to carry radios or otherwise communicate with supervisory personnel concerning work matters during their meal breaks were not compensated for such work.

60.     DEFENDANTS knew or should have known that PLAINTIFFS and CLASS MEMBERS performed work for which they were not compensated, as DEFENDANTS' supervisors directed PLAINTIFFS and other CLASS MEMBERS to perform work after they clocked out at the end of their shifts and during their meal periods.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

19

CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

61.     DEFENDANTS failed to compensate PLAINTIFFS and other CLASS MEMBERS for such work performed before they clocked in for their shifts, after they clocked out at the end of their shifts and during their meal periods.

62.     DEFENDANTS' conduct described herein violates California Labor Code §§ 1194 and 1197 and IWC Wage Order Nos. 1-2001 and 8-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Labor Code §§ 510, 1194; IWC Wage Order Nos. 1-2001 and 8-2001, § 3]

### (Against all DEFENDANTS)

63.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 62.

64.     Pursuant to California Labor Code §§ 510 and 1194 and IWC Wage Order Nos. 1-2001 and 8-2001, § 3, DEFENDANTS are required to compensate PLAINTIFFS and CLASS MEMBERS for all overtime at a rate of one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday and at a rate twice the regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

20

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

65.   PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194 and IWC Wage Order Nos. 1-2001 and 8-2001.

66.   During the CLASS PERIOD, DEFENDANTS failed to compensate, and continue to fail to compensate, PLAINTIFFS and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and applicable IWC Wage Orders.

67.   During the CLASS PERIOD, DEFENDANTS failed to pay overtime at one and one-half (1 ½) times or twice the regular rate of pay, as provided by California Labor Code § 510. Specifically, DEFENDANTS failed to properly calculate the "regular rate of pay," by failing to include all forms of remuneration, including but not limited to meal and rest break premium payments to which PLAINTIFFS and other CLASS MEMBERS were entitled (whether paid or unpaid by DEFENDANTS), when calculating the regular rate of pay for overtime purposes.

68.   During the CLASS PERIOD, AVILA, for example, and other CLASS MEMBERS regularly worked shifts that were over twelve hours in length, but were not paid at the proper double time rate of two times the regular rate of pay for working over twelve hours in a shift.   Rather, AVILA and other CLASS MEMBERS were paid at the overtime rate of one and one-half times the regular rate of pay when working over twelve hours in a shift.

69.   As alleged herein, PLAINTIFFS and other CLASS MEMBERS also performed work for which they were not compensated.   MALDONADO, for example, and other CLASS MEMBERS were required to don and doff work uniforms and protective gear prior to clocking in at the beginning of their shifts and after clocking out at the end of their shifts.   MALDONADO, spent approximately ten minutes performing work for which he was not compensated.   On many of these

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

21

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

occasions, MALDONADO was entitled to overtime compensation, as he worked over eight hours per day and/or over forty hours per week.

70.    NEGRETE was sometimes required to perform work after he clocked out at the end of his shift.  On each occasion, he spent approximately five to ten minutes performing work for which he was not compensated.  NEGRETE was also required to perform work during their meal periods.  On many of these occasions, NEGRETE was entitled to overtime compensation, as he worked over eight hours per day and/or over forty hours per week.

71.    DEFENDANTS knew or should have known that PLAINTIFFS and other CLASS MEMBERS worked overtime for which they were not compensated.

72.    DEFENDANTS failed to compensate PLAINTIFFS and other CLASS MEMBERS for such overtime.

73.    In violation of California law, DEFENDANTS have knowingly and willfully refused, and continue to refuse, to perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all wages earned and all hours worked. As a direct and proximate result, PLAINTIFFS and other CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, resulting in damages in amounts according to proof at time of trial and within the jurisdiction of this Court.

74.    DEFENDANTS' conduct described herein violates, and continues to violate, California Labor Code §§ 510, 1194, and 1198 and IWC Wage Order Nos. 1-2001 and 8-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1 and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFFS and other CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

22

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

## **FIFTH CAUSE OF ACTION**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

75.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 74.

76.     Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

77.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

78.     As alleged herein, DEFENDANTS failed to pay PLAINTIFFS and other CLASS MEMBERS who were not provided lawful meal and rest periods one additional hour of compensation at the employee's regular rate of pay for each workday that a meal or rest period was not provided; failed to pay PLAINTIFFS and other CLASS MEMBERS all overtime and minimum wages; failed to properly calculate the regular rate of pay for overtime purposes; and failed to reimburse PLAINTIFFS and other CLASS MEMBERS for employment-related expenses. These wages were not paid to PLAINTIFFS and other CLASS MEMBERS at the time of discharge or within 72 hours of quitting.

79.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

23

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

80.     During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFFS and other CLASS MEMBERS, as alleged above, in accordance with California Labor Code §§ 201 and 202.

81.     As a result, PLAINTIFFS and other CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

## SIXTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Labor Code §§ 226, 1174; IWC Wage Order Nos. 1-2001 and 8-2001, § 7]

### (Against all DEFENDANTS)

82.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 81.

83.     During the CLASS PERIOD, DEFENDANTS routinely failed, and continue to fail, to provide PLAINTIFFS and other CLASS MEMBERS with timely, accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS and other CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order Nos. 1-2001 and 8-2001, § 7.  Specifically, DEFENDANTS provided PLAINTIFFS and other CLASS MEMBERS wage statements which failed to show the correct hourly rate for overtime and double time hours; failed to accurately show the gross wages earned

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

24

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

and total hours worked; and failed to show all meal and rest break premium wage payments to which PLAINTIFF and the CLASS MEMBERS were entitled.

84.     During the CLASS PERIOD, PLAINTIFS and other CLASS MEMBERS suffered injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements as PLAINTIFFS and other CLASS MEMBERS could not promptly and easily determine from the wage statement alone one or more of the following:  the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS and other CLASS MEMBERS, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

85.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and other CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.  Additionally, PLAINTIFFS and other CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5 and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Labor Code § 226; IWC Wage Order Nos. 1-2001 and 8-2001 § 7]

### (Against all DEFENDANTS)

86.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 85.

87.     During the CLASS PERIOD, as part of DEFENDANTS' illegal policies and practices to deprive PLAINTIFFS and other CLASS MEMBERS of all

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

25

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226 and 1174 and IWC Wage Order Nos. 1-2001 and 8-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

88.    As a direct and proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and other CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.   Additionally, PLAINTIFFS and other CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5 and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Labor Code § 2802, IWC Wage Order Nos. 1-2001 and 8-2001, § 9]**

**(Against all DEFENDANTS)**

89.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 88.

90.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

26

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

91.     Wage Order Nos. 1-2001 and 8-2001 further provide that, when uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.

92.     During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to indemnify PLAINTIFFS and other CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, including slip-resistant, oil-resistant shoes, cell phone expenses, tools, and other employment-related expenses, in violation of California Labor Code § 2802.

93.     During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to maintain uniforms worn by NEGRETE, for example, and other CLASS MEMBERS or to provide a maintenance allowance for uniforms requiring special laundering because of heavy soiling.  NEGRETE, for example, and other CLASS MEMBERS were required to launder their uniforms separate from their other clothing due to heavy soiling.  Each week, NEGRETE separately laundered his uniform shirts so as to not get grime on his other clothing.

94.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and other CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFFS and other CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

27

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

## NINTH CAUSE OF ACTION

**Failure to Pay Reporting Time Pay**

**[IWC Wage Order No. 8-2001 § 5 (and other applicable Wage Orders)]**

**(Against all DEFENDANTS)**

95.     PLAINTIFFS incorporate by specific reference, as though fully set forth, the allegations in paragraphs 1 through 94.

96.     Wage Order No. 8-2001, Section 5, provides as follows:

(A)   Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

(B)  If an employee is required to report for work a second time in any one workday and is furnished less than two (2) hours of work on the second reporting, said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than the minimum wage.

97.     Pursuant to its authority under Labor Code § 1173, the IWC promulgated Wage Order No. 8-2001.  All IWC orders, including but not limited to Wage Order No. 8-2001, at section 5(A), mandate that nonexempt employees be paid reporting time pay as follows: "Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." *Id.*

98.     The "primary purpose of the reporting time regulation" is "to

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

28

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

guarantee at least partial compensation for employees who report to work expecting to work a specified number of hours, and who are deprived of that amount because of inadequate scheduling or lack of proper notice by the employer." *Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556 (2012).

99. During the CLASS PERIOD, DEFENDANTS required MENDEZ and CRUSE, for example, and other CLASS MEMBERS to work without compensation, i.e. required PLAINTIFFS and CLASS MEMBERS to show up for scheduled work, but then, without prior warning, sent them home, without pay. Thus, PLAINTIFFS and CLASS MEMBERS were forced to perform work for the benefit of DEFENDANTS without compensation.

100. In violation of state law, DEFENDANTS knowingly and willfully refused to perform their obligations to provide PLAINTIFFS and other CLASS MEMBERS reporting time pay as required under law, on days that PLAINTIFFS and CLASS MEMBERS reported to work for their scheduled shifts, but without prior warning were denied work and ordered to leave the premises without pay. DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS and other CLASS MEMBERS, and with improper motives amounting to malice, and in conscious disregard of the rights of PLAINTIFFS and other CLASS MEMBERS. PLAINTIFFS and CLASS MEMBERS are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

101. As a proximate result of the these knowing and deliberate violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code §§ 218.5 and 218.6, PLAINTIFFS and CLASS MEMBERS are entitled to an award of reasonable attorneys' fees and costs and to interest on all due and unpaid wages.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

29

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

102. Wherefore, PLAINTIFFS and CLASS MEMBERS request relief as hereinafter provided.

## TENTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code § 17200, et seq.]

### (Against all DEFENDANTS)

103. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 102.

104. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to authorize and permit required rest periods, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements, DEFENDANTS' failure and refusal to maintain required records, and DEFENDANTS' failure and refusal to indemnify PLAINTIFFS and other CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, et seq.

105. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and other CLASS MEMBERS.

106. DEFENDANTS have avoided payment of wages, overtime wages, meal and rest break premium payments, and other benefits as required by the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

30

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

107.   As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFFS, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFFS and CLASS MEMBERS.

108.   As a result of DEFENDANTS' unfair and unlawful business practices, PLAINTIFFS seek preliminary and permanent injunctive relief, including but not limited to an order compelling DEFENDANTS to account for, disgorge, and restore to PLAINTIFFS and other CLASS MEMBERS the wages and other compensation unlawfully withheld from them.  PLAINTIFFS and other CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but within the jurisdiction of this Court.

## ELEVENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against all DEFENDANTS)

109.   PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 108, with exception of the allegations in paragraph 31 and the subparagraphs thereto.

110.   Plaintiffs NEGRETE, VILLAR, MALDONADO, AVILA, VILLELA, PEREZ, NJOROGE and VERDUZCO are "aggrieved employees" within the meaning of California Labor Code § 2699(c) and proper representatives to bring a civil action on behalf of themselves and other current and former non-exempt

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

31

CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiffs NEGRETE, VILLAR, MALDONADO, AVILA, VILLELA, PEREZ, NJOROGE, and VERDUZCO were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFFS NEGRETE, VILLAR, MALDONADO, AVILA, VILLELA, PEREZ, and NJOROGE.

111. Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, Plaintiffs NEGRETE, VILLAR, MALDONADO, AVILA, VILLELA, PEREZ, NJOROGE, and VERDUZCO seek to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, and 1197.1 and IWC Wage Order No. 1-2001 § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFFS NEGRETE, VILLAR, MALDONADO, AVILA, VILLELA, PEREZ, NJOROGE, and VERDUZCO are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

112. Pursuant to California Labor Code § 2699.3, on August 10, 2015, NEGRETE gave written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") and CONAGRA FOODS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. On September 29, 2015, NEGRETE gave written notice by certified mail to the LWDA and RALCORP HOLDINGS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than thirty-three (33) calendar days of the postmark dates of NEGRETE's notice letters has

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

32

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

passed and the LWDA has not provided notice to NEGRETE that it intends to investigate the alleged violations.

113.  On October 22, 2015, VILLAR notified CONAGRA FOODS and CONAGRA FOODS PACKAGED FOODS via certified mail regarding the California Labor Code violations set forth herein, including the supporting facts and theories.  VILLAR provided the same notice to the LWDA by certified mail on October 22, 2015.  VILLAR did not receive notice from the LWDA of intent to investigate within 33 days, or at any time thereafter.

114.  On September 20, 2016, MALDONADO gave written notice via online filing to the LWDA and via certified mail to CONAGRA FOODS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) calendar days have passed and the LWDA has not provided notice to MALDONADO that it intends to investigate the alleged violations.

115.  On November 22, 2016, AVILA gave written notice by certified via online filing to the LWDA and via certified mail to CONAGRA FOODS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) calendar days have passed and the LWDA has not provided notice to AVILA that it intends to investigate the alleged violations.

116.  On November 22, 2016, VILLELA gave written notice via online filing to the LWDA and via certified mail to CONAGRA FOODS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) calendar days of the postmark date of VILLELA's notice letter has passed and the LWDA has not provided notice to VILLELA that it intends to investigate the alleged violations.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

33

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

117.   On November 23, 2016, PEREZ gave written notice via online filing to the LWDA and via certified mail to CONAGRA FOODS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) calendar days of the postmark dates of PEREZ's notice letter has passed and the LWDA has not provided notice to PEREZ that it intends to investigate the alleged violations.

118.   On May 13, 2016, NJOROGE gave written notice by certified mail to the LWDA, CONAGRA FOODS, and FIRST RATE STAFFING of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than thirty-three (33) calendar days of the postmark dates of NJOROGE's notice letter has passed and the LWDA has not provided notice to NJOROGE that it intends to investigate the alleged violations.

119.   On March 10, 2017, VERDUZCO gave written notice by online filing to the LWDA and by certified mail to CONAGRA BRANDS and CONAGRA FOODS PACKAGED FOODS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) calendar days of the postmark dates of VERDUZCO's notice letter has passed and the LWDA has not provided notice to VERDUZCO that it intends to investigate the alleged violations.

120.   Therefore, Plaintiffs NEGRETE, VILLAR, MALDONADO, AVILA, VILLELA, PEREZ, NJOROGE, and VERDUZCO have complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

34

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

## **TWELFTH CAUSE OF ACTION**

### **Conversion**

### **(Against all DEFENDANTS)**

121.   PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 120.

122.   As alleged above, DEFENDANTS wrongfully withheld earned wages and other monies from PLAINTIFFS and CLASS MEMBERS and manipulated punch data to cover up their failure to pay due and owing premium pay. Specifically, DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS all wages they earned pursuant to the applicable employment laws and regulations.

123.   At all relevant times, DEFENDANTS had and continue to have a legal obligation imposed by statute to pay PLAINTIFFS and CLASS MEMBERS all earned wages and other compensation due to them.  Such wages and compensation vested to PLAINTIFFS and CLASS MEMBERS at the time the labor and services were provided to DEFENDANTS, and, accordingly, such wages and compensation are the property of PLAINTIFFS and CLASS MEMBERS, not DEFENDANTS.

124.   DEFENDANTS oppressively, fraudulently, reprehensibly, maliciously, and deliberately failed to pay PLAINTIFFS and CLASS MEMBERS all wages they earned and were owed on work days on which PLAINTIFFS and CLASS MEMBERS reported for scheduled shifts, but were sent home without reporting time pay.

125.   Likewise, DEFENDANTS oppressively, fraudulently, reprehensibly, maliciously, and deliberately coerced PLAINTIFFS and CLASS MEMBERS to remain on duty during meal breaks, or risk being disciplined and/or fired. DEFENDANTS have uniformly failed to pay PLAINTIFFS and all CLASS MEMBERS for requiring them to remain on duty and to respond to work instructions of supervisory personnel during meal breaks.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

35

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

126.   At all relevant times, DEFENDANTS had and continue to have a legal obligation imposed by law to pay PLAINTIFFS and CLASS MEMBERS all reporting time pay and meal and rest break premium pay due to them.  Such wages and compensation vested to PLAINTIFFS and CLASS MEMBERS at the time of each violation and, accordingly, such wages and compensation are the property of PLAINTIFFS and CLASS MEMBERS, not DEFENDANTS.

127.   DEFENDANTS knowingly and intentionally failed to pay PLAINTIFFS and CLASS MEMBERS all wages earned.  Instead, DEFENDANTS converted PLAINTIFFS' and CLASS MEMBERS' property and converted it for DEFENDANTS' own use and benefit.  The amount of property (wages belonging to PLAINTIFFS and CLASS MEMBERS) wrongfully converted is capable of being ascertained using DEFENDANTS' own records and other data.

128.   PLAINTIFFS and CLASS MEMBERS have been injured by DEFENDANTS' intentional conversion of such wages and other compensation.  PLAINTIFFS and CLASS MEMBERS are entitled to immediate possession of all amounts converted by DEFENDANTS, with interest, as well as any and all profits that DEFENDANTS acquired by their unlawful conversion.

129.   DEFENDANTS' actions constituting conversion were oppressive, malicious, and fraudulent, and were concealed by DEFENDANTS, and each of them, from PLAINTIFFS and CLASS MEMBERS.  PLAINTIFFS and CLASS MEMBERS have been injured by DEFENDANTS' oppressive, malicious, intentional and fraudulent actions, entitling PLAINTIFFS and CLASS MEMBERS to punitive and exemplary damages.

///

///

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

36

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

### <u>THIRTEENTH CAUSE OF ACTION</u>

### Violation of the Fair Labor Statndards Act

### [29 U.S.C. § 201, et seq.]

### (Against all DEFENDANTS)

130.   PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 129.

131.   Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, DEFENDANTS were and are obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

132.   Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), DEFENDANTS, because they failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.   PLAINTIFFS assert that DEFENDANTS' refusal to pay for time worked was willful.

133.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), PLAINTIFFS are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, PLAINTIFFS, individually and on behalf of all others similarly situated, respectfully pray for relief against DEFENDANTS as follows:

1.      For compensatory damages in an amount to be ascertained at trial;

2.      For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.      For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 1-2001;

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

37

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

4.  For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.  For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.  For waiting time penalties pursuant to California Labor Code § 203;

7.  For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and 2699;

8.  For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

9.  For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, and 2802, California Civil Code § 1021.5, 29 U.S.C. § 216(b), and any other applicable provisions providing for attorneys' fees and costs;

10.  For declaratory relief;

11.  For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Twelth Causes of Action as a class action pursuant to Federal Rules of Civil Procedure, Rule 23;

12.  For an order appointing PLAINTIFFS as class representatives and PLAINTIFFS' counsel as class counsel;

13.  For punitive damages for DEFENDANTS' oppressive, fraudulent and malicious conversion of wages and reporting time pay owed to PLAINTIFFS and CLASS MEMBERS;

14.  For an award of liquidated damages under the FLSA; and

15.  For such further relief that the Court may deem just and proper.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

38

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

1            Respectfully submitted,

2 DATED: July 20, 2017     **MATERN LAW GROUP, P.C.**

3

4         By: */s/ Matthew J. Matern*

5            MATTHEW J. MATERN
            LAUNA ADOPLH

6            DEANNA S. LEIFER
            Attorneys for Plaintiffs MOISES

7            NEGRETE, STEPHEN ANDERSON,
            FELICIA AVILA, RUBEN

8            MALDONADO, FELIX VILLELA,
            FRANK PEREZ, and ANITA DEL

9            ROSARIO PATRIZ, individually and
            on behalf of all others similarly situated

10 DATED: July 20, 2017     **RASTEGAR LAW GROUP, APC**

11

12         By: */s/ Douglas W. Perlman*
            FARZAD RASTEGAR

13            DOUGLAS PERLMAN
            Attorneys for Plaintiff

14            VALENTIN VILLAR, individually and
            on behalf of all others similarly situated

15

16 DATED:  July 20, 2017     **SETAREH LAW GROUP**

17

18         By: */s/ Shaun Setareh*

19            SHAUN SETAREH
            H. SCOTT LEVIANT

20            Attorneys for Plaintiff
            JORDYN NJOROGE, individually and

21            on behalf of all others similarly situated

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

39

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT

1

2

DATED: July 20, 2017                         **LAW OFFICES OF ROBERT W. SINK**

3

4

By:     */s/ Robert Sink*
        ROBERT SINK

5

        **THE DOWNEY LAW FIRM**

6

7

By:     */s/ Cory G. Lee*
        CORY G. LEE

8

9

10

Attorneys for Plaintiffs JESSE ALVAREZ,
ABRAHAM       IBARRA,       ARTURO
VERDUZCO,   HECTOR   MENDEZ   and
RICHARD CRUSE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

40

CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT