1    [Counsel listed on next page]

2    **UNITED STATES DISTRICT COURT**

3    **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 4   MOISES NEGRETE, individually and on behalf of all others similarly situated, | Lead Case No. 2:16-cv-631-FMO-AJW |
| 5      Plaintiff, | Consolidated with Case Nos. 2:16-cv-02801 FMO-AJW; 5:16-cv-02219-FMO-AJW; 2:16-cv-08069-FMO-AJW; and 2:17-cv-03141-FMO-AJW |
| 6      vs. | |
| 7   CONAGRA FOODS, INC., et al., | |
|      Defendants. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS** |
| 8   VALENTIN VILLAR, individually, and on behalf of all others similarly situated, | |
| 9 | |
| 10      Plaintiffs, | [Filed concurrently with Declarations of Matthew J. Matern, Douglas W. Perlman, Philip A. Downey, Robert W. Sink, and Shaun Setareh; and [Proposed] Order Granting Motion for Attorneys' Fees and Costs and Service Awards] |
| 11      vs. | |
| 12   CONAGRA FOODS, INC., et al., | |
|      Defendants. | |
| 13   STEPHEN ANDERSON, et al., individually and on behalf of all others similarly situated, | Date:       January 13, 2022 |
| 14 | Time:       10:00 a.m. |
| 15      Plaintiffs, | Courtroom:    6D |
| 16      vs. | |
| 17   CONAGRA FOODS, INC., et al., | |
|      Defendants. | |
| 18   JORDYN NJOROGE, on behalf of herself, all others similarly situated, and the general public | |
| 19 | |
| 20      Plaintiffs, | |
| 21      vs. | |
| 22   FIRST RATE STAFFING CORPORATION, et al., | |
| 23      Defendants. | |
| 24   JESSE ALVAREZ, et al., individually and on behalf of all others similarly situated, | |
| 25 | |
| 26      Plaintiffs, | |
| 27      vs. | |
|   CONAGRA BRANDS, INC., et al., | |
| 28      Defendants. | |

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
DEANNA S. LEIFER (SBN 265840)
dleifer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

FARZAD RASTEGAR (State Bar No. 155555)
farzad@rastegarlawgroup.com
DOUGLAS W. PERLMAN (State Bar No. 167203)
douglas@rastegarlawgroup.com
**RASTEGAR LAW GROUP, APC**
22760 Hawthorne Boulevard, Suite 200
Torrance, California 90505
Tel.: (310) 961-9600
Fax: (310) 961-9094

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
William M. Pao (SBN 219846)
william@setarehlaw.com
Setareh Law Group
315 South Beverly Drive, Suite 315
Beverly Hills, California 90212
Telephone: (310) 888-7771
Fax: (310) 888-0109

Philip A. Downey (*Pro Hac Vice*)
**THE DOWNEY LAW FIRM, LLC**
105 Guinea Hollow Road
Califon, NJ 07830
Telephone:  (610) 324-2848
Facsimile:   (610) 813-4579
downeyjustice@gmail.com

Eric Rouen (SBN 242341)
**THE DOWNEY LAW FIRM, LLC (OF COUNSEL)**
9595 Wilshire Blvd. Suite 900
Beverly Hills, CA 90212
Telephone:  (213) 291-3333
Facsimile:   (610) 813-4579
rouenlaw@att.net

Attorneys for Plaintiffs and the Class Members

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 13, 2022, at 10:00 a.m., in Courtroom 6D of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, plaintiffs Moises Negrete, Steven Anderson, Felicia Avila, Abraham Ibarra, Ruben Maldonado, Jordyn Njoroge, Anita del Rosario Patriz, Frank Perez, Justin Soto, Arturo Verduzco, Valentin Villar, and Felix Villela ("Plaintiffs") will and hereby do move this Court for entry of an order awarding attorneys' fees in the amount of $6,000,000.00 and reimbursement of expenses in the amount of $571,244.20 to Plaintiffs' Counsel and Class Representative Service Awards in the amount of $10,000.00 each to Plaintiffs Negrete, Anderson, Avila, Cruse, Ibarra, Maldonado, Njoroge, Patriz, Perez, Soto, and Villella and $5,000.00 each to Plaintiffs Verduzco and Villar.

This motion will be made on the following grounds: (l) pursuant to the terms of the Amended Stipulation of Class Action Settlement ("Stipulation"), Plaintiffs' Counsel is entitled to attorneys' fees in the amount of $6,000,000.00, and reimbursement of reasonable costs in an amount not to exceed $700,000.00, subject to Court approval; (2) pursuant to the terms of the Stipulation, Plaintiffs Negrete, Anderson, Avila, Cruse, Ibarra, Maldonado, Njoroge, Patriz, Perez, Soto, and Villella are entitled to Class Representative Service Awards not to exceed $10,000.00 each and Plaintiffs Verduzco and Villar are entitled to Class Representative Service Awards not to exceed $5,000.00 each, subject to Court approval; (3) pursuant to Labor Code § 1194 and Code of Civil Procedure § 1021.5, Plaintiffs' Counsel is entitled to attorneys' fees and costs; (4) all attorneys' fees and costs incurred in the prosecution of the Actions were reasonable and necessary to prosecute the claims and achieve a favorable outcome on behalf of the Class Members; and (5) the requested Class Representative Service Awards are reasonable based on the time Plaintiffs

devoted to litigating the claims on behalf of the Class Members and the risk they assumed in doing so.

This motion will be based on this Notice, the attached Memorandum of Points and Authorities, the Declarations of Matthew J. Matern, Douglas W. Perlman, Philip A. Downey, Robert W. Sink, and Shaun Setareh, and all exhibits thereto, including the Stipulation, the declarations of plaintiffs Moises Negrete, Steven Anderson, Felicia Avila, Abraham Ibarra, Ruben Maldonado, Jordyn Njoroge, Anita del Rosario Patriz, Frank Perez, Justin Soto, Arturo Verduzco, Valentin Villar, and Felix Villela, the documents and records on file in this matter, and such additional arguments, authorities, evidence, and other matters as may be presented by the parties hereafter.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 26, 2021.  Defendants do not oppose this motion.

DATED: October 29, 2021                  **MATERN LAW GROUP, PC**

                                         By:    */s/ Launa Adolph*
                                                MATTHEW J. MATERN
                                                LAUNA ADOPLH
                                                DEANNA S. LEIFER

                                                Attorneys for Plaintiffs and the Class Members

MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ……………………………………………………..1

II.   FACTUAL AND PROCEDURAL BACKGROUND………………………2

    A.   The Parties...................................................................... 2

    B.   Procedural History........................................................... 2

    C.   Discovery and Investigation ............................................ 3

    D.   Settlement Negotiations and Preliminary Approval ..................... 3

III.  ARGUMENT………………………………………………………….4

    A.   CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES IS GOVERNED BY CALIFORNIA LAW ....................................... 4

    B.   Plaintiffs' Counsel Are Entitled to Reasonable Attorneys' Fees under the California Labor Code and the Private Attorney General Statute ....................................................................... 5

    C.   Plaintiffs' Request for Attorneys' Fees in the Amount of One-Third of the Common Fund Is Reasonable under Controlling California Law................................................................ 7

    D.   Plaintiffs' Request for Attorneys' Fees in the Amount of One-Third of the Common Fund Is Reasonable under Ninth Circuit Precedent .................................................................... 8

    E.   Plaintiffs' Fee Application Also Is Reasonable Based on Plaintiffs' Counsel's Lodestar and the Application of a Positive Multiplier ...................................................................11

        1.   Plaintiffs' Counsel's Hours Are Reasonable ...............12

        2.   Plaintiffs' Counsel's Hourly Rates Are Reasonable……………………………………………14

        3. Application of a Positive Multiplier Is Appropriate........16

    F.   Plaintiffs' Counsel's Out-Of-Pocket Expenses Should Be Reimbursed ..................................................................17

    G.   The Proposed Class Representative Service Awards Are Fair and Reasonable ...................................................................18

IV.   CONCLUSION…………………………………………………………..21

# TABLE OF AUTHORITIES

**Pages(s)**

**Federal Cases**

*Akaosugi v. Benihana Nat. Corp.*,
   No. C11–01272 WHA, 2013 WL 269083 (N.D. Cal. Jan. 24, 2013) ................. 9

*Barbosa v. Cargill Meat Solutions Corp.*,
   297 F.R.D. 431 (E.D. Cal. July 2, 2013) ...........................................10

*Billinghausen v. Tractor Supply Co.*,
   306 F.R.D. 245 (N.D. Cal. 2015) ....................................................19

*Blackwell v. Foley*,
   724 F. Supp. 2d 1068 (N.D. Cal. 2010) ............................................13

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980).....................................................................8

*Bouman v. Block*,
   940 F.2d 1211 (9th Cir. 1991)........................................................15

*Boyd v. Bank of Am. Corp.*,
   No. SACV 13-0561-DOC, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) .........10

*Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir. 2008).........................................................15

*Campbell v. Best Buy Stores, L.P.*,
   No. 2:12-cv-07794-JAK-JEM, 2016 WL 6662719 (C.D. Cal. Apr. 5, 2016)....... 9

*Clausen v. M/V New Carissa*,
   339 F.3d 1049 (9th Cir. 2003)........................................................17

*Fernandez v. Victoria Secret Stores LLC*,
   No. CV 06–04149 MMM (SHx), 2008 WL 8150856 (C.D. Cal. July 21, 2008).. 8

*Fischel v. Equitable Life Assurance Soc'y*,
   307 F.3d 997 (9th Cir. 2002).......................................................... 7

*Gezalyan v. BMW of N. Am., LLC*,
   697 F. Supp. 2d 1168 (C.D. Cal. 2010) ............................................. 4

*Gonzalez v. S. Wine & Spirits of Am., Inc.*,
  555 F. App'x 704 (9th Cir. 2014) ......................................................................... 5

*Guippone v. BH S&B Holdings LLC*,
  No. 09 Civ. 1029(CM), 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011)...............19

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) .........................................................................................12

*Hose v. Washington Inventory Serv., Inc.*,
  2020 WL 3606404 (S.D. Cal. July 2, 2020) ......................................................21

*In re Activision Sec. Litig.*,
  723 F. Supp. 1373 (N.D. Cal 1989)..................................................................... 9

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007)...............................................................18

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000)..............................................................................18

*In re Omnivision Techs.*,
  559 F. Supp. 2d 1036 (N.D. Cal 2008) ................................................................ 9

*In re Toys "R" Us-Del., Inc. Fair & Accurate Credit Transactions Act* (FACTA)
  Litig.,
  295 F.R.D. 438 (C.D. Cal. 2014)...................................................................19, 20

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994)............................................................................... 8

*Johnson v. General Mills, Inc.*,
  No. SACV 10-00061-CJC(ANx), 2013 WL 3213832 (C.D. Cal. June 17, 2013)
  ...........................................................................................................................18

*Jordan v. Multnomah County*,
  815 F.2d 1258 (9th Cir. 1987)............................................................................12

*La Fleur v. Medical Management Intern, Inc.*,
  No. 13-00398-VAP, 2014 WL 2967475 (C.D. Cal. June 25, 2014)....................20

*Mangold v. California Pub. Utilities Comm'n*,
  67 F. 3d 1470 (9th Cir. 1995)............................................................................. 4

*Moore v. Jas. H. Matthews & Co.*,
    682 F.2d 830 (9th Cir. 1982) ............................................................................12

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ........................................................................12

*Parkinson v. Hyundai Motor America*,
    796 F. Supp. 2d 1160 (C.D. Cal. 2010) ..........................................................15

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) .............................................................................8

*Perkins v. Mobile Housing Bd.*,
    847 F.2d 735 (11th Cir. 1988) ........................................................................13

*Roberti v. OSI Sys., Inc.*,
    No. CV1309174MWFMRW, 2015 WL 8329916 (C.D. Cal. Dec. 8, 2015)........15

*Rodriguez v. County of Los Angeles*,
    96 F.Supp.3d 1012 (C.D. Cal. 2014) ..............................................................15

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ..........................................................................18

*Schroeder v. Envoy Air, Inc.*,
    Case No. CV 16-4911-MWF (KSx), 2019 WL 2000578 (C.D. Cal. May 6, 2019)
    ........................................................................................................................15

*Singer v. Becton Dickinson & Co.*,
    No. 08-CV-821-IEG (BLM), 2010 WL 2196104 (S.D. Cal. Jun. 1, 2010) .........10

*Stanger v. China Elec. Motor, Inc.*,
    812 F.3d 734 (9th Cir. 2016) ..........................................................................17

*Stetson v. Grissom*,
    821 F.3d 1157 (9th Cir. 2016) ..............................................................7, 12, 17

*Stuart v. Radioshack Corp.*,
    No. C-07-4499 EMC, 2010 WL 3155645 (N.D. Cal. Aug. 9, 2010)..................10

*United Steelworkers of America v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1990) ..........................................................................15

*Van Vranken v. Atlantic Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ............................................................19, 20

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010) ................................................................... 9, 10

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .......................................................................... 9

**State Cases**

*Chavez v. Netflix, Inc.*,
    162 Cal. App. 4th 43 (2008) ........................................................................ 7, 16

*Colgan v. Leatherman Tool Group, Inc.*,
    135 Cal. App. 4th 663 (2006) ........................................................................... 6

*Consumer Privacy Cases*,
    175 Cal. App. 4th 545 (2009) .......................................................................... 14

*Dunk v. Ford Motors Co.*,
    48 Cal. App. 4th 1794 (1996) .......................................................................... 11

*Flannery v. California Highway Patrol*,
    61 Cal. App. 4th 629 (1998) ............................................................................ 16

*Graham v. DaimlerChrysler Corp.*,
    34 Cal. 4th 553 (2004) ................................................................................ 6, 16

*Greene v. Dillingham Construction N.A., Inc.*,
    101 Cal. App. 4th 418 (2002) .......................................................................... 16

*Ketchum v. Moses*,
    24 Cal. 4th 1122 (2001) .............................................................................. 12, 16

*Laffitte v. Robert Half Int'l Inc.*,
    1 Cal. 5th 480 (2016) ......................................................................................... 7

*Laffitte v. Robert Half Int'l Inc.*,
    231 Cal. App. 4th 860 (2014) ............................................................................ 7

*Lealao v. Beneficial California, Inc.*,
    82 Cal. App. 4th 19 (2000) .......................................................................... 7, 16

*Moore v. Indian Spring Channel Gold Mining Co.*,
    37 Cal. App. 370 (1918) .................................................................................... 6

*Murphy v. Kenneth Cole Productions, Inc.*,
    40 Cal. 4th 1094 (2007) ..................................................................... 6

*Nightengale v. Hyundai Motor America*,
    31 Cal. App. 4th 99 (1994) ................................................................11

*Press v. Lucky Stores*,
    34 Cal. 3d 311 (1983) ........................................................................ 5

*Ramos v. Countrywide Home Loans, Inc.*,
    82 Cal. App. 4th 615 (2000) ..........................................................11, 12

*Ryan v. California Interscholastic Fed'n*,
    94 Cal. App. 4th 1033 (2001) ............................................................. 6

*Serrano v. Priest*,
    20 Cal. 3d 25 (1977) .........................................................................12

*Weeks v. Baker & McKenzie*,
    63 Cal. App. 4th 1128 (1998) .............................................................16

*Wershba v. Apple Computer*,
    91 Cal. App. 4th 224 (2001) ..........................................................11, 16

**State Statutes**

Code of Civil Procedure § 1021.5 ..............................................1, 3, 5, 6, 7

Labor Code § 1194 ..............................................................1, 3, 5, 7

**Federal Rules**

Fed. R. Civ. P. 23(h) .............................................................................. 4

**Other Authorities**

4 *William B. Rubenstein et al., Newberg on Class Actions* § 11:38 (4th ed. 2008) .18

## I.      INTRODUCTION

After over six years of hard-fought litigation and protracted arms'-length settlement negotiations, Class Counsel secured a non-reversionary settlement in the amount of $18,000,000.00, which provides meaningful relief to thousands of Class Members.  Pursuant to the terms of the Settlement, Class Counsel now moves this Court for an order awarding Plaintiffs' Counsel attorneys' fees in the amount of $6,000,000.00 and costs in the amount of $571,244.20 and awarding Class Representative Service Awards to Plaintiffs.

Plaintiffs are entitled to reasonable attorneys' fees under Labor Code §1194 and Code of Civil Procedure § 1021.5.  The amount of attorneys' fees requested is reasonable as a percentage of the common fund, as it represents one-third (1/3) of the non-reversionary settlement fund.  The requested fees also are reasonable based on Plaintiffs' Counsel's lodestar of $2,988,680.00, which is based on 3,608.95 attorney hours at their customary hourly rates, with a 2.0 multiplier.  Application of a multiplier is appropriate based on the contingent nature of the fee agreement, the skill displayed by Class Counsel, the considerable motion and appellate practice, and the significant result achieved on behalf of the class.

In addition, Class Counsel's request for reimbursement of costs and expenses is reasonable, as these costs and expenses were reasonably incurred in connection with the prosecution and settlement of the Actions and thus are reimbursable.

Lastly, Plaintiffs' request for Class Representative Service Awards in the amount of $10,000.00 each to plaintiffs Negrete, Anderson, Avila, Cruse, Ibarra, Maldonado, Njoroge, Patriz, Perez, Soto, and Villella and $5,000.00 each to plaintiffs Verduzco and Villar is reasonable, as Plaintiffs put the interests of the Class Members ahead of their own, invested considerable time and effort in assisting in the prosecution of the Actions, and assumed considerable risk by serving as the class representatives.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

MOTION FOR ATTORNEYS' FEES AND COSTS
AND SERVICE AWARDS

Accordingly, Plaintiffs respectfully request the Court grant Plaintiffs' Motion for Attorneys' Fees and Costs and Class Representative Service Awards.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Parties

Defendants are food manufacturing companies which make and sell products under various name brands.   Declaration of Matthew J. Matern ("Matern Decl.") ¶ 3.  During the Class Periods, Defendants operated seven facilities in Azusa, Colton, Fresno, Helm, Lodi, Oakdale, and Visalia, California. *Id*. at ¶ 5.  Plaintiffs worked in a variety of positions and departments at Defendants' California facilities.  *Id*. at ¶¶ 6-12.

### B.   Procedural History

Negrete filed this action on October 20, 2015.  Matern Decl. ¶ 13.  The case subsequently was consolidated with four other actions.  *Id*. at ¶¶ 14-23.  On October 30, 2017, Plaintiffs filed a Consolidated Third Amended Complaint, which alleges claims for failure to provide meal and rest breaks, failure to pay minimum and overtime wages,  failure to pay all wages due to discharged and quitting employees, failure to furnish accurate itemized wage statements, failure to maintain required records, failure to indemnify employees for necessary expenditures incurred in discharge of duties, failure to pay reporting time pay, unfair and unlawful business practices, penalties under the Private Attorneys General Act ("PAGA"), conversion, and violation of the Fair Labor Standards Act ("FLSA").  Dkt. 113.

On November 29, 2017, Defendants filed an answer to the complaint (Dkt. 115) and a partial motion to dismiss (Dkt. 116).  On December 28, 2018, the Court denied Defendants' partial motion to dismiss.  Dkt. 162.

On June 22, 2018, the Parties filed a Joint Brief Re: Plaintiffs' Motion for Class Certification, which was over 100 pages and supported by 207 exhibits, including 44 Class Member declarations submitted by Plaintiffs, 13 class representative declarations,  three  expert  witness  declarations,  deposition  testimony  from

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

Defendants' Rule 30(b)(6) witnesses, and various employee handbooks and policy documents.  Dkt. 131-132.  On March 29, 2019, the Court issued an Order Re: Class Certification, certifying classes at each of Defendants' seven facilities.  Dkt. 173.

On April 12, 2019, Defendants filed a petition for leave to appeal the class certification order.  Matern Decl. ¶ 26.  On May 31, 2019, the Ninth Circuit denied Defendants' petition.  *Id.*  On June 14, 2019, Defendants filed a motion for reconsideration en banc, which also was denied.  *Id.*

On June 28, 2019, the Parties filed a Joint Brief Re: Motions for Partial Summary Judgment.  Dkt. 190.  On November 21, 2019, the Court stayed the decision on the summary judgment motions.  Dkt. 220.

## C.  Discovery and Investigation

Class Counsel conducted an extensive investigation into the claims alleged prior to filing the Actions.  Matern Decl. ¶ 28.  After the Actions were filed, the Parties completed significant fact and expert discovery.  *Id.* at ¶ 29.  The Parties propounded and responded to multiple sets of written discovery.  *Id.*  Defendants produced tens of thousands of pages of documents, including all relevant wage and hour policy documents, employee handbooks, collective bargaining agreements, work schedules, and Class Members' timekeeping and payroll records.  *Id.*  Class Counsel interviewed dozens of Class Members and obtained declarations from 44 Class Members.  *Id.*  Defendants took the depositions of all 13 class representatives, and Plaintiffs took the depositions of Defendants' nine Rule 30(b)(6) witnesses.  *Id.*

Plaintiffs retained and designated three expert witnesses.  Dkt. 131-5, 131-6, 131-7, 131-8.  Defendants took the depositions of Plaintiffs' expert witnesses, and Plaintiffs took the deposition of Defendants' expert witness.  Matern Decl. ¶ 30.  Prior to mediation, Class Counsel prepared a damages model which was based, in part, on their statistical expert's analysis of the time and payroll records.  *Id.* at ¶ 31.

## D.  Settlement Negotiations and Preliminary Approval

On May 19, 2017, the Parties attended a private mediation session with

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

mediator Michael Dickstein, Esq.  Matern Decl. ¶ 33.  The Parties did not reach a resolution of the Actions at that time.  *Id.*  Thereafter, the Parties engaged in further settlement discussions with the assistance of Mr. Dickstein spanning nearly two and a half years—both before and after the Court issued the certification order.  *Id.*

On June 2, 2020, the Parties participated in a private mediation session with mediator Mark Rudy, Esq.  *Id.* at ¶ 34.  The Parties participated in a second mediation session with Mr. Rudy on June 9, 2020.  *Id.*  At the end of the second mediation, Mr. Rudy made a mediator's proposal outlining the material terms of a proposed class action settlement.  *Id.*  On June 16, 2020, the Parties accepted the mediator's proposal.  *Id.*

The Stipulation of Class Action Settlement was fully executed on November 16, 2020, and submitted to the Labor and Workforce Development Agency ("LWDA") on November 16, 2020.  *Id.* at ¶ 37.  The Amended Stipulation of Class Action Settlement ("Stipulation") was fully executed on February 8, 2021, and submitted to the LWDA on February 8, 2021.  *Id.* at ¶¶ 38, 39, Ex. A.  To date, Plaintiffs have not received a response from the LWDA.  *Id.* at ¶ 39.

On June 21, 2021, the Court granted preliminary approval of the settlement and ordered that notice be sent to the Class Members.  Dkt. 263.

## III.   ARGUMENT

### A.   CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES IS GOVERNED BY CALIFORNIA LAW

At the conclusion of a successful class action, class counsel may apply to the Court for an award of reasonable attorneys' fees that are authorized by law.  *See* Fed. R. Civ. P. 23(h).  Because this Court exercised diversity jurisdiction over this case under CAFA, California substantive law applies to the calculation of the attorneys' fee award.  *Mangold v. California Pub. Utilities Comm'n*, 67 F. 3d 1470, 1478 (9th Cir. 1995).  Thus, the Court must apply California substantive law to the calculation of attorneys' fees.  *Gezalyan v. BMW of N. Am., LLC*, 697 F. Supp. 2d 1168, 1170

(C.D. Cal. 2010) ("In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees."); *Gonzalez v. S. Wine & Spirits of Am., Inc.*, 555 F. App'x 704, 704 (9th Cir. 2014) ("The district court abused its discretion in applying federal law instead of California substantive law to the calculation of attorney's fees.   Because the district court exercised diversity jurisdiction over this case, California substantive law applies to the calculation of the attorney fee award.").

**B.      Plaintiffs' Counsel Are Entitled to Reasonable Attorneys' Fees under the California Labor Code and the Private Attorney General Statute**

Plaintiffs' Counsel are entitled to recover fees and costs pursuant to Labor Code § 1194 and Code of Civil Procedure § 1021.5.

Section 1194 provides:

> [A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Lab. Code § 1194.   As this litigation culminated in a settlement that provides for a recovery of unpaid wages, including unpaid overtime wages, Plaintiffs are entitled to recover reasonable attorneys' fees and costs under the California Labor Code.

Plaintiffs also are entitled to a fee award under California's private attorney general statute, Code of Civil Procedure § 1021.5.   The award of attorney fees is proper under Section 1021.5 if "(1) plaintiffs' action 'has resulted in the enforcement of an important right affecting the public interest,' (2) 'a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons' and (3) 'the necessity and financial burden of private enforcement are such as to make the award appropriate.'" *Press v. Lucky Stores*, 34 Cal. 3d 311, 317-18 (1983).   The fundamental objective of the statute is "to encourage suits enforcing public policies by providing substantial attorneys' fees to successful litigants in such

cases." *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 565 (2004).

The Actions resulted in the enforcement of an important right affecting the public interest, as Plaintiffs sought to enforce Class Members' rights to recover statutory wages arising out of Defendants' failure to provide meal periods, failure to authorize and permit rest periods, and failure to pay minimum and overtime wages for all hours worked. *See Moore v. Indian Spring Channel Gold Mining Co.*, 37 Cal. App. 370, 379-380 (1918) (recognizing that the "[d]elay of payment or loss of wages results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and, in many cases may make the wage earner a charge upon the public."); *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1113 (2007) (noting that "health and safety considerations (rather than purely economic injuries) are what motivated the IWC to adopt mandatory meal and rest periods in the first place.").

The Actions also conferred a significant benefit on a large class of persons. *See Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663,703 (2006) (holding that "[a]ttorney fees may be awarded under Code of Civil Procedure section 1021.5 for consumer class action suits benefiting a large number of people."). The Settlement provides a significant monetary benefit to over 8,000 Class Members, in that it permits all Class Members to obtain compensation for unpaid wages.

Finally, the necessity and financial burden of private enforcement render an award appropriate. Without the incentive of an attorneys' fee award, Plaintiffs could not have afforded to hire counsel to pursue this case, as the cost of litigating this matter far outweighed Plaintiffs' potential recovery. *See Ryan v. California Interscholastic Fed'n*, 94 Cal. App. 4th 1033, 1044 (2001) ("As to the necessity and financial burden of private enforcement, an award is appropriate where the cost of the legal victory transcends the claimant's personal interest; in other words, where the burden of pursuing the litigation is out of proportion to the plaintiff's individual stake in the matter.").

1    Thus, Plaintiffs are entitled to reasonable fees and costs under Labor Code §

2    1194 and Code of Civil Procedure § 1021.5.

3    **C.**   **Plaintiffs' Request for Attorneys' Fees in the Amount of One-Third**

4         **of the Common Fund Is Reasonable under Controlling California**

5         **Law**

6         To calculate the fee in a common-fund case, the district court "has discretion

7    to apply either the lodestar method or the percentage-of-the-fund method in

8    calculating a fee award." *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016)

9    (quoting *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir.

10   2002)).   In addition, California law expressly authorizes the percentage method for

11   awarding attorneys' fees in common fund cases. *See Laffitte v. Robert Half Int'l Inc.*,

12   1 Cal. 5th 480, 503 (2016) ("*Laffittte II*") (joining other jurisdictions in holding that

13   the trial court "may determine the amount of a reasonable fee by choosing an

14   appropriate percentage of the fund created").   Although California—by choice—has

15   no benchmark, California courts routinely award attorneys' fees equaling one-third

16   or more of the common fund's total potential value.   *See*, *e.g.*, *Laffitte v. Robert Half

17   Int'l Inc.*, 231 Cal. App. 4th 860, 871 (2014) ("*Laffitte I*") ("33 1/3 percent of the

18   common fund is consistent with, and in the range of, awards in other class action

19   lawsuits");   *Chavez v. Netflix, Inc.,* 162 Cal. App. 4th 43, 66 n.11 (2008) (accord);

20   Eisenberg & Miller, *Attorney Fees in Class Action Settlements: An Empirical Study*,

21   J. of Empirical Legal Studies, Vol. 1, Issue 1, 27-78, March 2004, at 35 (independent

22   studies of class action litigation nationwide conclude that fees representing one-third

23   of the total recovery is consistent with market rates).   Notably, the California

24   Supreme Court in *Laffitte II* affirmed a fee award representing one-third of a non-

25   reversionary fund. *Laffitte II*, 1 Cal. 5th at 506.

26         A fee award in the amount of one-third of the common fund also is reasonable

27   because it best reflects the market rate for contingency fees. *See Lealao v. Beneficial

28   California, Inc.*, 82 Cal. App. 4th 19, 47 (2000) ("[A]ttorneys providing the essential

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

enforcement services must be provided incentives roughly comparable to those negotiated in the private bargaining that takes place in the legal marketplace."). This is because such a request reflects the rate negotiated in "typical contingency fee agreements [which] provide that class counsel will recover 33% if the case is resolved before trial and 40% if the case is tried." *Fernandez v. Victoria Secret Stores LLC*, No. CV 06–04149 MMM (SHx), 2008 WL 8150856, *15-16 (C.D. Cal. July 21, 2008) (citing an academic study collecting contingency fee agreements and finding that a fee award constituting 34% of the fund is reasonable on that basis).  Because the negotiated fee structure mimics the marketplace, it is reasonable and should be approved.

**D.** **Plaintiffs' Request for Attorneys' Fees in the Amount of One-Third of the Common Fund Is Reasonable under Ninth Circuit Precedent**

Although this motion is governed by California law, Plaintiffs' fee request also is reasonable under federal law.  The Supreme Court consistently has recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  The purpose of this doctrine is that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).

The federal common fund doctrine applies when: (1) the class of beneficiaries is sufficiently identifiable; (2) the benefits can be accurately traced; and (3) the fee can be shifted with some exactitude to those benefitting. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).  These criteria are "easily met" where, as here, "each [class member] has an undisputed and mathematically ascertainable claim to part of a lump-sum settlement recovered on his behalf.'" *Id.* (citing *Van Gemert*, 444 U.S. at 479).

In non-diversity actions, the Ninth Circuit has established 25% of a common fund as a "benchmark" award for attorney fees. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).   However, the Ninth Circuit states that the benchmark is the "starting point for analysis" and notes that "it may be inappropriate in some cases." *Id.* at 1048.  The "[s]election of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Id.*  The district court's duty is to not presume the benchmark percentage applies, but simply "whether in arriving at its percentage it considered all the circumstances of the case and reached a reasonable percentage." *Id.*

Thus, the "exact percentage [awarded] varies depending on the facts of the case, and in most common fund cases, the award exceeds that benchmark." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal 1989) ("A review of recent reported cases discloses that nearly all common fund awards range around 30%."); *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal 2008) (in "most common fund cases, the award exceeds that benchmark"); *Pokorny v. Quixtar, Inc.*, CASE NO. C 07-0201 SC, 2013 WL3790896 *1 (N.D. Cal. July 18, 2013) (the "Ninth Circuit uses a 25% baseline in common fund class actions, and in most common fund cases, the award exceeds that benchmark, with a 30% award the norm absent extraordinary circumstances that suggest reasons to lower or increase the percentage").  District courts within this circuit routinely award attorneys' fees in excess of the 25% baseline, particularly for wage and hour class action settlements. *See*, *e.g.*, *Wright v. Renzenberger, Inc.,* No. CV 13-6642 FMO (AGRx) (C.D. Cal. August 24, 2020) (awarding one-third of the common fund in attorneys' fees); *Akaosugi v. Benihana Nat. Corp.*, No. C 11–01272 WHA, 2013 WL 269083, at *4 (N.D. Cal. Jan. 24, 2013) (awarding $200,000 in attorneys' fees and costs on a common settlement fund of $460,000); *Campbell v. Best Buy Stores, L.P.*, No. 2:12-cv-07794-JAK-JEM, 2016 WL 6662719, at *10 (C.D. Cal. Apr. 5, 2016) (awarding

MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

one-third of $674,500 in attorneys' fees in a California Labor Code action and observing that "[v]iewed collectively, the information relevant to the Lodestar analysis provides a substantial basis for the approval of the proposed attorney's fees [and when] considered in connection with . . . [the] analyses as to the percentage of the fund approach, final approval of the fee request is warranted"); *Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at *9 (C.D. Cal. Nov. 18, 2014) (awarding one-third in fees in a wage and hour class action); *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 450-51 (E.D. Cal. July 2, 2013) (awarding one-third of the settlement fund in a wage and hour class action because there were "sufficient reasons to exceed [the benchmark] considering the risk of the litigation, the contingent nature of the work, the favorable reaction of the class, and the fee awards in other wage-and-hour cases"); *Vasquez*, 266 F.R.D. at 491-92 (awarding one-third in wage and hour class action); *Jones v. Bath & Body Works, Inc.*, No. 2:13-cv-05206-FMO-AJW (C.D. Cal. July 11, 2016) (awarding one-third in wage and hour class action); *Quintana v. Claire's Boutiques, Inc.*, No. 5:13-cv-00368-PSG (N.D. Cal. Dec. 1, 2015), Dkt. No. 88 (awarding attorneys' fees representing 33% of the fund); *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. Jun. 1, 2010) (noting that the amount of one-third of the common fund for a wage and hour class action settlement "falls within the typical range" of fee awards); *Stuart v. Radioshack Corp.*, No. C-07-4499 EMC, 2010 WL 3155645, *6 (N.D. Cal. Aug. 9, 2010) (awarding one-third of settlement fund in wage and hour class action and noting that "[t]his is well within the range of percentages which courts have upheld as reasonable in other class action lawsuits").

A fee award representing one-third of the fund also falls within the range of other comprehensive surveys of class action settlements and fee awards. *See Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Award* (2010) 7 J. Empirical Leg. Stud. 811, 833 (analyzing 444 cases between 2006-2007 and concluding that "[m]ost fee awards were between 25 percent and 35 percent, with

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

almost no awards more than 35 percent."); Eisenberg & Miller, *Attorney Fees in Class Action Settlements: An Empirical Study: 1993-2008* (2010) 7 J. of Empirical Leg. Stud. 248, 262, fn.16 (finding a similar range of fee awards).

Here, one-third of the common fund is a reasonable given the significant result achieved on behalf of the class.  First, the $18,000,0000.00 settlement amount, which is approximately 37.98% of the maximum potential damages, exclusive of penalties and interest, is substantial.  *See* Dkt. 259-1, ¶ 45.  Second, Class Counsel litigated this case for over six years on a purely contingent basis, incurring over half a million dollars in litigation costs with no guarantee of recovery.  Finally, the skill displayed by Class Counsel merits a fee award above the benchmark.  As set forth above, the Parties engaged in extensive fact and expert discovery and considerable motion and appellate practice, including the motion for class certification and cross-motions for summary judgment.

Accordingly, Plaintiffs' request for attorneys' fees in the amount of $6,000,000.00, or one-third of the $18,000,000.00 common fund, is consistent with established Ninth Circuit precedent.

**E.     Plaintiffs' Fee Application Also Is Reasonable Based on Plaintiffs' Counsel's Lodestar and the Application of a Positive Multiplier**

Under the lodestar method, the court considers a compilation of the time spent and a reasonable hourly compensation of each attorney to evaluate the reasonableness of the fee requested.  *See Ramos v. Countrywide Home Loans, Inc.*, 82 Cal. App. 4th 615, 622 (2000).  The moving party meets its burden in this regard by submitting "declarations evidencing the reasonable hourly rate for their services and establishing the number of hours spent working on the case" as "California case law permits fee awards in the absence of detailed time sheets."  *See Wershba v. Apple Computer*, 91 Cal. App. 4th 224, 254-255 (2001); *Dunk v. Ford Motors Co.*, 48 Cal. App. 4th 1794, 1810 (1996); *Nightengale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 103 (1994).  The hours spent and the reasonable hourly compensation are computed to

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

arrive at a "lodestar" figure which may then be augmented or diminished by the court taking into account various "multiplier" factors. *See Ramos*, 82 Cal. App. 4th at 622 (citing *Serrano v. Priest*, 20 Cal. 3d 25, 48-49 (1977)).

Here, Plaintiffs' Counsel's lodestar is $2,988,680.00, which is based on 3,608.95 attorney hours at their customary hourly rates. Matern Decl. ¶ 20; Declaration of Douglas Perlman ("Perlman Decl.") ¶ 12; Declaration of Philip A. Downey ("Downey Decl.") ¶ 5; Declaration of Robert W. Sink ("Sink Decl.") ¶ 6; Declaration of Shaun Setareh ("Setareh Decl.") ¶ 11.   The application of a 2 multiplier is appropriate based on the contingent nature of the fee agreement. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1130, 1137 (2001).  As such, Plaintiffs' request for $6,000,000.00 in attorneys' fees is reasonable.

## 1.    Plaintiffs' Counsel's Hours Are Reasonable

In determining whether the number of hours expended on the litigation was reasonable, the court must determine that the "time spent was reasonably necessary and that [] counsel made 'a good faith effort to exclude from the fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 n.8 (9th Cir. 1987) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).[1]  "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).   The district court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno*, 534 F.3d at 1112.  "An attorney's sworn testimony that, in fact, it took the time claimed '…is evidence of considerable weight on the issue of the time

---

[1] In determining the reasonable number of hours expended on the litigation, "the district court should take into account the reality that some amount of duplicative work is 'inherent in the process of litigating over time.'" *Stetson*, 821 F.3d at 1166 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

required…'"  *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) (quoting *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988)).

Plaintiffs' Counsel have spent over <u>six years</u> litigating the Actions, during which time Plaintiffs' Counsel engaged in extensive fact and expert discovery, successfully moved for class certification, resulting in the certification of 27 separate subclasses at each of Defendants' seven California facilities, successfully opposed Defendants' petition for permission to appeal the certification order, and twice briefed summary judgment.  The efforts expended by Plaintiffs' Counsel thus far include, but are not limited to, the following: interviewing Plaintiffs and reviewing documents provided by Plaintiffs and other publicly-available documents; conducting legal research regarding Defendants' wage and hour policies and practices; drafting the complaint and the amended complaints; opposing Defendants' motion for protective order and attending the hearing on the motion; successfully opposing Defendants' partial motion to dismiss Plaintiffs' complaints, which was briefed on five separate occasions; drafting written discovery requests; responding to discovery requests on behalf of all 13 class representatives; researching and drafting meet and confer letters regarding Defendants' discovery responses; engaging in numerous conferences and correspondence with Defendants' counsel; reviewing tens of thousands of pages of documents produced by Defendants, including employee handbooks, collective bargaining agreements, wage and hour policies and procedures, job descriptions, and time and payroll records; retaining and consulting with three expert witnesses, including a survey expert, an economist, and a statistician who analyzed the time records and payroll records provided by Defendants; taking the depositions of Defendants' nine 30(b)(6) witnesses; defending the depositions of all 13 class representatives; interviewing dozens of Class Members, which resulted in 44 Class Member declarations; taking the deposition of Defendants' expert witness and defending the depositions of Plaintiffs' three expert witnesses; drafting the Joint Brief Re: Plaintiffs' Motion for Class Certification,

which was over 100 pages and supported by 207 exhibits, as well as the Amended Joint Brief; successfully opposing Defendants' petition for leave to appeal the certification order, including their request for en banc review; drafting the Motion for Approval of Class Notice and attending the hearing on the motion; overseeing the mailing of the Class Notice; working closely with Plaintiffs' survey expert and consultants to develop a class survey following certification; twice briefing summary judgment, including the Joint Brief Re: Motions for Partial Summary Judgment, which was over 100 pages and supported by 197 exhibits; drafting and opposing numerous stipulations and ex parte applications; preparing damages analyses and mediation briefs in advance of the mediations; attending three private mediation sessions; negotiating and drafting the settlement agreement, the amended settlement agreement, and the exhibits thereto; drafting the Motion for Preliminary Approval and attending the hearing on the motion; drafting the Renewed Motion for Preliminary Approval; drafting the Motion for Attorneys' Fees and Costs and Class Representative Service Awards; and communicating with the Settlement Administrator and Defendants' counsel regarding the settlement administration process. Matern Decl. ¶ 43.

To date, Plaintiffs' Counsel have spent approximately 3,608.95 attorney hours litigating the case. Matern Decl. ¶ 42; Perlman Decl. ¶ 12; Downey Decl. ¶ 5; Sink Decl. ¶ 4; Setareh Decl. ¶ 14. These hours were necessary and reasonable to achieve the result on behalf of the Class Members. Additionally, Plaintiffs' Counsel will spend additional time drafting the Motion for Final Approval and, in the event that the Court grants final settlement approval, monitoring the settlement process after final approval is granted. Matern Decl. ¶ 44. Thus, Plaintiffs' Counsel's hours are reasonable.

### 2. Plaintiffs' Counsel's Hourly Rates Are Reasonable

Plaintiffs' Counsel's hours are to be multiplied by a "reasonable hourly rate" to generate the lodestar figure. *In re Consumer Privacy Cases,* 175 Cal. App. 4th

545, 556 (2009).  To determine the reasonable hourly rate, the court must look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  Courts may "find hourly rates reasonable based on evidence of other courts approving similar rates." *Parkinson v. Hyundai Motor America*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010).  "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991) (the submission of "declarations stating that the rate was the prevailing market rate in the relevant community [was]… sufficient to establish the appropriate rate for lodestar purposes").

Plaintiffs' Counsel's rates are in line with the current prevailing billing rates in the Los Angeles area and are within the range previously approved by various courts in the cases Plaintiffs' Counsel has handled.  Matern Decl. ¶¶ 55, 56; Downey Decl. ¶ 6; Sink Decl. ¶ 5; Setareh Decl. ¶ 16; *Schroeder v. Envoy Air, Inc.*, Case No. CV 16-4911-MWF (KSx), 2019 WL 2000578, *8 (C.D. Cal. May 6, 2019) (finding rates between $750 for senior associates and $890 for partners within the reasonable range); *see also Roberti v. OSI Sys., Inc.*, No. CV1309174MWFMRW, 2015 WL 8329916, at *7 (C.D. Cal. Dec. 8, 2015) (finding rates between $525 to $975 per hour reasonable); *Rodriguez v. County of Los Angeles*, 96 F.Supp.3d 1012, 1023 (C.D. Cal. 2014) (approving attorney rates in 2014 from $500 to $975).  Plaintiffs' Counsel are experienced litigators who specialize in employment law, with a substantial wage and hour class action practice.  Matern Decl. ¶¶ 45-54; Perlman Decl. ¶¶ 6-10; Downey Decl. ¶ 2; Sink Decl. ¶ 3; Setareh Decl. ¶ 4.  Given the skill and experience

of Plaintiffs' Counsel in this case and the excellent result achieved for the class, Plaintiffs' Counsel's hourly rates are reasonable.

### 3.    Application of a Positive Multiplier Is Appropriate

After the court determines the lodestar value, the court may enhance the lodestar by applying a multiplier to take into account the contingent nature and risk associated with the action. *Ketchum*, 24 Cal. 4th 1122 at 1137; *Graham,* 34 Cal. 4th at 582. California courts have a more "permissive attitude on the use multipliers" than their federal counterparts. *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 43 (2000); *see Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1173 (1998) (finding that "adjustment from the lodestar figure will be far more common under California law than under federal law."); *Flannery v. California Highway Patrol*, 61 Cal. App. 4th 629, 646 (1998). Under California law, "[m]ultipliers can range from 2 to 4 or even higher" and are routinely granted. *Wershba*, 91 Cal. App. 4th at 254-255; *Chavez*, 162 Cal. App. 4th at 66 (upholding 2.5 multiplier). Some of the factors courts consider when determining whether to apply a multiplier are: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *See Ketchum*, 24 Cal. 4th 1122 at 1132 (citations omitted).

In *Ketchum*, the California Supreme Court held that fee enhancement in contingency cases is necessary to (1) fully compensate counsel for the "loan" of legal services in light of the inherent high risk of "default" posed by losing the case, and (2) encourage competent counsel to take on fee award cases. *Ketchum*, 24 Cal. 4th at 1132-1133. As the court noted, "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases." *Id.* at 1133 (citations omitted); *see Greene v. Dillingham Construction N.A., Inc.*, 101 Cal. App. 4th 418, 426 (2002)

MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

(holding that trial court erred by refusing to consider contingent risk as a factor in the decision to apply a multiplier).  Similarly, the Ninth Circuit has held that "[t]he district *must* apply a risk multiplier to the lodestar 'when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky.'" *Stetson*, 821 F.3d at 1166 (emphasis original) (quoting *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 740 (9th Cir. 2016)).

Here, application of a positive multiplier is appropriate.  Plaintiffs' Counsel have been litigating this case for over six years with no payment, shouldering over half a million dollars in litigation costs with no guarantee of repayment, and expending significant time and resources which could have been directed towards other cases.  Plaintiffs' Counsel agreed to litigate this case on a contingent fee basis, and in the process assumed considerable risk given the uncertain proposition these types of cases entail.  Matern Decl. ¶¶ 58-61.

Accordingly, Plaintiffs respectfully request that the Court award Plaintiffs' Counsel the requested fees of $6,000,000.00 based on Plaintiffs' Counsel's lodestar, with application of a 2.0 multiplier, to be apportioned as follows: $5,136,275.00 to Matern Law Group, PC; $365,000.00 to Rastegar Law Group, APC; $210,000.00 to The Downey Law Firm, LLC; $175,000.00 to the Law Offices of Robert W. Sink; and $113,725.00 to Setareh Law Group.

## F.   **Plaintiffs' Counsel's Out-Of-Pocket Expenses Should Be Reimbursed**

Because Plaintiffs' claim for attorneys' fees arises under California substantive law, the Court applies California law on costs rather than Local Rule 54. *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003).  In California, attorneys are reimbursed for out-of-pocket expenses "such as '1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices;

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

8) experts, consultants, and investigators; and 9) mediation fees.'" *Johnson v. General Mills, Inc.*, No. SACV 10-00061-CJC(ANx), 2013 WL 3213832, *6 (C.D. Cal. June 17, 2013) (quoting *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (both courts awarding the requested expenses, including for expert witnesses, mediation, photocopying and computerized research)).

To date, Plaintiffs' Counsel has expended approximately $571,244.20 in total litigation costs.  Matern Decl. ¶ 68, Ex. B; Perlman Decl. ¶ 17; Downey Decl. ¶ 5, Ex. C; Sink Decl. ¶ 7; Setareh Decl. ¶ 8, Ex. A.  These costs include court fees, expert costs, mediation fees, and travel-related expenses that would normally be billed to a paying client.  *Id.*  These costs are precisely the sort that are reimbursable because they are reasonable and were necessarily incurred during the pendency of the Actions.

Accordingly, Plaintiffs respectfully request that the Court award Plaintiffs' Counsel litigation costs in the amount of $571,244.20, to be apportioned as follows: $523,273.15 to Matern Law Group, PC; $10,082.06 to Rastegar Law Group, APC; $21,173.38 to Law Offices of Robert W. Sink; $16,102.45 to The Downey Law Firm, LLC; and $613.16 to Setareh Law Group.

## G.    The Proposed Class Representative Service Awards Are Fair and Reasonable

"Incentive awards are fairly typical in class action cases . . . Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class . . . ."  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (citing 4 *William B. Rubenstein et al., Newberg on Class Actions* § 11:38 (4th ed. 2008)).  These payments work both as an inducement to participate in the suit and as compensation for time spent in litigation activities.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (describing the service award as an incentive to the class representative).  So long as the service award does not create a conflict of interest between the representatives and class members, modest

payments to named plaintiffs for their services as class representatives are customary and generally approved. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995).

The proposed service awards also are fair and reasonable under the five-factor test set forth in *Van Vranken*. Under the *Van Vranken* test, courts consider: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation and; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Id*. at 299 (citations omitted). However, not all factors need to be present. Rather, the court may weigh the factors and award fees that are "just and reasonable under the circumstances." *See*, *e.g.*, *In re Toys "R" Us-Del., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 472 (C.D. Cal. 2014) (citing *Van Vranken*, 901 F. Supp. at 299).

First, the service awards are justified in light of the reputational risk that Plaintiffs assumed by litigating claims against their employer. *See Billinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267-68 (N.D. Cal. 2015) (finding "personal detriment" upon testimony that future employers can easily learn that a prospective employee served as a plaintiff through the internet); *Guippone v. BH S&B Holdings LLC*, No. 09 Civ. 1029(CM), 2011 WL 5148650, at *7, *20 (S.D.N.Y. Oct. 28, 2011) ("[T]he fact that a plaintiff has filed a federal lawsuit is searchable on the internet and may become known to prospective employers when evaluating the person. Even where there is not a record of actual retaliation, notoriety, or personal difficulties, class representatives merit recognition for assuming the risk of such for the sake of absent class members."). Employers commonly screen employee candidates to determine whether they have ever filed suit, and employee candidates who might be branded "litigious" are likely to be screened out of the process. In fact, an entire industry has developed for providing employers with background information on

MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

1   employee candidates.  By bringing this action against an employer, Plaintiffs
2   assumed considerable reputational risk that may impact their ability to find
3   employment in the future.  *See La Fleur v. Medical Management Intern, Inc.*, No.
4   13-00398-VAP, 2014 WL 2967475, *8 (C.D. Cal. June 25, 2014) (awarding $15,000
5   to each named plaintiff in part for attesting to their fear that the lawsuit will harm
6   their future job prospects in the industry).  Indeed, plaintiffs Patriz and Verduzco,
7   who are currently employed by Defendants, faced additional risks, including the real
8   risk of retaliation or termination, by initiating an action against their current
9   employer.

10      Second, the requested service awards are appropriate because Plaintiffs
11  "remained fully involved and expended considerable time and energy during the
12  course of the litigation."  *See In re Toys 'R' Us-Del FACTA Litig.*, 295 F.R.D. at 471
13  (citation omitted).  As detailed in their declarations, Plaintiffs expended considerable
14  time and effort assisting their attorneys with the prosecution of the class claims over
15  the past six years, and their unique contributions to the litigation should be rewarded.[2]

16      Third, Plaintiffs are entitled to the service awards because they lost earnings
17  and incurred out-of-pocket expenses, but "will not gain any benefit beyond that [they]
18  would receive as an ordinary class member."  *See In re Toys "R" Us FACTA Litig.*,
19  295 F.R.D. at 472; *Van Vranken*, 901 F. Supp. at 299 (holding that a substantial award
20  is appropriate where a class representative's claim made up "only a fraction of the
21  common fund").  Here, absent the service awards, Plaintiffs will recover no more
22  than other Class Members, despite undergoing personal sacrifice in bringing this suit
23  on behalf of the Class Members. [3]

24
25  [2] Dkt. 247-5 (Negrete Decl.) ¶ 4; Dkt. 247-6 (Anderson Decl.) ¶ 4; Dkt. 247-7 (Avila
    Decl.) ¶ 4; Dkt. 247-13 (Ibarra Decl.) ¶ 4; Dkt. 247-8 (Maldonado Decl.) ¶ 4; Dkt.
26  251 (Njoroge Decl.) ¶ 4; Dkt. 247-9 (Perez Decl.) ¶ 4; Dkt. 247-12 (Patriz Decl.) ¶
    4; Dkt.  247-11 (Soto Decl.) ¶ 4; Dkt. 247-14 (Verduzco Decl.) ¶ 4; Dkt. 247-15
27  (Villar Decl.) ¶ 4; Dkt. 247-10 (Villela Decl.) ¶ 4.
    [3] Dkt. 247-5 (Negrete Decl.) ¶ 5; Dkt. 247-6 (Anderson Decl.) ¶ 5; Dkt. 247-7 (Avila
28  Decl.) ¶ 5; Dkt. 247-13 (Ibarra Decl.) ¶ 5; Dkt. 247-8 (Maldonado Decl.) ¶ 5; Dkt.
    251 (Njoroge Decl.) ¶ 5; Dkt. 247-9 (Perez Decl.) ¶ 5; Dkt. 247-12 (Patriz Decl.) ¶

MOTION FOR ATTORNEYS' FEES AND
                                     COSTS AND SERVICE AWARDS

Due to Plaintiffs' effort, commitment, and personal sacrifice, all Class
Members can now benefit from an $18,000,000.00 settlement.  The $10,000.00
service awards for plaintiffs Negrete, Anderson, Avila, Cruse, Ibarra, Maldonado,
Njoroge, Patriz, Perez, Soto, and Villella and $5,000.00 service awards for plaintiffs
Verduzco and Villar service awards, which are not conditioned on Plaintiffs'
approval of the Settlement, represent less than one percent of the Maximum
Settlement Amount.  Thus, the proposed service awards for Plaintiffs' services as
class representatives, their assistance in prosecuting the claims and reviewing the
proposed settlement to ensure that its terms are fair and provide adequate relief for
the Class Members, and the risk of being branded "litigious" by prospective
employers, are reasonable and well deserved. [4]  *See* Preliminary Approval Order, Dkt.
263, p. 14-15 ("Plaintiffs appear to have been diligent in litigating this case, and each
had his or her deposition taken by defendants. Under the circumstances, the court
tentatively finds that the requested service payments are reasonable.") (citations
omitted).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court
award Plaintiffs' Counsel attorneys' fees in the amount of $6,000,000.00, to be
apportioned as follows: $5,136,275.00 to Matern Law Group, PC, $365,000.00 to
Rastegar Law Group, APC, $210,000.00 to The Downey Law Firm, LLC,
$175,000.00 to The Law Offices of Robert W. Sink, and $113,725.00 to Setareh Law
Group; costs in the amount of $571,244.20, to be apportioned as follows:

---

5; Dkt. 247-11 (Soto Decl.) ¶ 5; Dkt. 247-14 (Verduzco Decl.) ¶ 5; Dkt. 247-15
(Villar Decl.) ¶ 5; Dkt. 247-10 (Villela Decl.) ¶ 5.
[4]  The service award to the heirs of Plaintiff Cruse, who passed away during the
litigation, is appropriate, as Cruse actively participated in the litigation for several
years prior to this death, including having his deposition taken, and assumed
substantial risk in serving as a class representative. Adolph Decl. ¶ 67; *see Hose v.
Washington Inventory Serv., Inc.*, 2020 WL 3606404, *11 (S.D. Cal. July 2, 2020)
(finding service award of $20,000 to the estate of deceased plaintiff reasonable, as
plaintiff took risks in suing employer and participated in the case for years).

MOTION FOR ATTORNEYS' FEES AND
COSTS AND SERVICE AWARDS

$523,273.15 to Matern Law Group, PC, $10,082.06 to Rastegar Law Group, APC, $21,173.38 to Law Offices of Robert W. Sink, $16,102.45 to The Downey Law Firm, LLC, and $613.16 to Setareh Law Group; and Class Representative Service Awards to Plaintiffs Negrete, Anderson, Avila, Cruse, Ibarra, Maldonado, Njoroge, Patriz, Perez, Soto, and Villella in the amount of $10,000.00 each and to Plaintiffs Verduzco and Villar in the amount of $5,000.00 each.

DATED: October 29, 2021          **MATERN LAW GROUP, PC**

By:   */s/ Launa Adolph*
      MATTHEW J. MATERN
      LAUNA ADOPLH
      DEANNA S. LEIFER

      Attorneys for Plaintiffs and the Class
      Members